## James Mitchell .v. Conrad Meuley.

1—It is not now an open question that a judgment of a court of general jurisdiction, of this State, will support itself, although the record of it be silent as to notice to the defendant; and such a judgment can not be impeached collaterally on the ground that the court had no jurisdiction over the person of the defendant.

2—The cases of Lawler v. White, and Withers v. Patterson, in 27th Texas Reports, cited and approved.

3—It was not error, therefore, for the court below to admit as evidence the record of a judgment of a court of general jurisdiction.

Appeal from Grimes.      Tried below before the Hon. Peter W. Gray.

This cause was tried in the court below at the Spring term, 1858.

The general character of the litigation is indicated in the opinion of this court.    The plaintiff, Meuley, recovered judgment below.    On the trial, he offered in evidence a transcript of the judgment of the Nueces District Court, which was the source from which he derived his title to the land in controversy.    The defendant objected to the admission of the evidence, on grounds which will be found in the argument of his counsel in this court.

*Charles Jones*, for the appellant.—The first objection was well taken, and should have been sustained.

If any court, whether of limited jurisdiction or not, undertakes to hold cognizance of a cause without having gained jurisdiction of the person, by having him before them in the *manner required by law*, the proceedings are void. (Bigelow v. Stearns, 19 Johns., 41; Walden v. Creig's heirs, 14 Pet., 150; Starbuck v. Mury, 5 Wendell, 159; and many other authorities.

When the want of jurisdiction appears upon the record, judg-

ment is void in all cases. (Bloom v. Burdick, 1 Hill, 140; Williamson v. Bery, 8 How., 494; Lessee of Hickey v. Stewart, 3 How., 750; Harris v. Hardeman, 14 How., 336; Hollingsworth v. Barbour, 4 Pet., 474; Borden v. Fitch, 15 Johns., 121; 1 Smith's Leading Cases, 834, 5th Am. ed.)

The pretended judgment was not a judgment *in rem*, but against the person of Valentine Schneider; and over him the record shows that the court never acquired jurisdiction.

The pretended citation had neither form, meaning or authenticity. The requisites of a citation in 1849 are set forth in Hartley's Dig., Arts. 647 and 675.

The pretended citation had not therein the name of the defendant. It had no date. It did not notify the defendant when to appear, even if it had been delivered to him in person. It had no seal, either of court or private, affixed, as required by both the articles cited. It was not tested in any manner.

If the date of filing petition be assumed for date of issuance, (and it could not have been issued before) then the pretended judgment by default, on which the final judgment is based, was rendered before the day of appearance.

The sheriff had no authority to serve that document in any other way except by delivery to Valentine Schneider in person of copy and copy of petition named in it; or he could return the fact that the defendant could not be found, etc.

Any other act was unofficial and void. (Hartley's Dig., Art. 679.)

The writ was not intended for publication, nor was he ordered to publish. (Hartley's Digest, Art. 813.)

The sheriff's returns indorsed are without date and almost without meaning. They are good for nothing, except to show that the return as made was relied upon. The return says merely that *the writ*, not the writ and petition, was published in the Corpus Christi "Star." What the Corpus Christi "Star" was does not appear, nor, if a newspaper, does it appear when it was *published*. The record must stand or fall by itself. It was not competent for the defendant to contradict

the record; nor could the plaintiff make one by evidence *aliunde.*

The presumption in favor of the jurisdiction of courts of general powers ceases when their proceedings negative the existence of jurisdiction. (Smith's Leading Cases—vol. 1, 5th Am. edition—in notes to Cripps v. Durden *et al.*, p. 843, and authorities there cited, and p. 837, same volume.)

The judgment rendered in the case of Meuley v. Schneider, as offered in evidence, was absolutely null and void to all intents and purposes, as will appear by applying to the pretended record the following authorities, to-wit: McCoy v. Crawford, 9 Tex., 353; Harris v. Hardeman, 14 How., 336; Hollingsworth v. Barbour, 4 Pet., 466; Mills v. Martin, 19 Johns., 7; and Wilson v. Palmer, 18 Tex., 592, and the authorities in said cases quoted.

Statutes substituting constructive for actual notice are in derogation of the common law, and such must be strictly construed and strictly complied with. The principle needs no citation of authority. In *ex parte* proceedings (and that was one) the plaintiff must be held to a strict compliance with every requirement of the law. (Goodloe v. Gray, 7 Tex., 484.)

The District Court of Nueces county was acting under a special statutory authority while proceeding to render a judgment upon a constructive or statutory notice, and its proceedings are subject to the rules applicable to courts of limited jurisdiction, and the proceedings should show jurisdiction. They show the want of it. (American Leading Cases, vol. 2, 809; Smith's Leading Cases, vol. 1, 5th Am. ed., 832.)

In cases relating to void and voidable judgments, there is a distinction made when there is an innocent purchaser. (Voorhees v. Bank U. S., 10 Pet, 449, and 2d vol. Notes to Phil. on Evidence; note 87, quoting above case.)

In the case at bar, the plaintiff in execution was the purchaser. He had full notice of everything pertaining to the proceedings, and can not ask to be protected from the consequences of his own folly.

Judgment may be void as to one, and merely voidable as to another.    (Cow. & Hill's Notes to Phil. on Ev., part 2, note 180, p. 87, 3d Am. ed.; Simms & Wise v. Slacum, 3 Cranch, 300.)

No purchaser could have been an innocent one under that judgment and execution.    The judgment showed on its face that it was by default, and did not state that the defendant had been cited in any way, which was enough to put any prudent man upon inquiry.

The court never gained jurisdiction over the person of Valentine Schneider.

There was no statement of facts filed.    That, however, does not of itself render the judgment void, but shows the disregard of all requirements of the law.

The distinction between void and voidable judgments is well stated by this court in Sutherland *et al.* v. De Leon, 1 Texas, 250.

Had the court jurisdiction, and did that jurisdiction attach? If not, the judgment is void.    The jurisdiction did not attach.

The second objection was well taken.

The pretended execution recited a judgment of date of September 2d, 1850, and the pretended judgment offered in evidence appeared by the transcript to have been rendered September 6th, 1850.

Execution must conform to the judgment.    (Criswell v. Ragsdale, 18 Tex., 444.)

The third error assigned relates, also, to the validity or nullity of the Neuces "Transcript."    The court failed to distinguish between defects which show a want of jurisdiction, and those which show irregularities after jurisdiction is once acquired. Jurisdiction may always, and in any court, be inquired into. (Fitzhugh v. Custar, 4 Tex., 391; Williamson v. Berry, 8 How., 494; Lessee of Hockey v. Stewart, 3 How., 780; Mills v. Martin, 19 Johns., 7; Cowan & Hill's Notes to Phil. on Ev., part 2d, 3d Am. edition, note 12.)

The pretended judgment was by default, and wholly within the rule of Harris v. Hardeman.

In judgments by default, every stop in the proceeding, from the citation to the judgment, is open for examination. The question of validity of the judgment in that case was collaterally raised.

Harris v. Hardeman, 14 How.; McCoy v. Crawford, 9 Tex.; Hollingsworth v. Barbour, 4 Peters, and Wilson v. Palmer, 18 Tex., 592, are conclusive of the case at bar. The judgments in them declared void were far less defective every way than the one here in question.

*Howard Finlay,* for the appellee.

WALKER, J.—This was an action brought in the District Court to try title.

The appellee claimed under a sheriff's deed. The subject of controversy is a tract of 1280 acres of land, situate in Grimes county, sold on execution to satisfy a judgment rendered in the District Court of Nueces county.

The appellant claims that the judgment of the District Court of Nueces county was void, and therefore the sale under it a nullity. The case is ably argued, and were the material and impending question one to be settled *de novo*, this court would feel called on, at least out of compliment to the able brief of appellant's counsel, to discuss the question *in extenso*. But we think the entire case, or at least all that is material for us to notice, is settled by this court in the cases of Lewis' Heirs v. White *et al.*, 27 Texas, 250, and Withers and others v. Paterson, Id., 491. In the former case, the court says: "The weight of authority seems to establish the proposition, that even when the record is silent on the subject of notice, the judgment of a court of this State, of general jurisdiction, will support itself and cannot be impeached or called in question collaterally, because of any alleged want of jurisdiction over the parties to the decree.

The judgment in this case was not void, nor could it be col-

laterally impeached. It was not error in the court below to permit the transcript to be read in evidence on the trial of this cause. The judgment of the District Court is affirmed.

Affirmed.