A. HORST ET AL. v. J. W. LIGHTFOOT ET AL.

No. 2108. Decided December 21, 1910.

**1.—Unrecorded Deed—Execution—Levy—Innocent Purchaser.**

A creditor levying execution upon land acquires a lien protecting him in his purchase at the execution sale against the rights of a previous purchaser from the defendant in execution whose deed was not then recorded, though he did not pay money, but merely credited his bid on his judgment. (P. 647.)

**2.—Execution Sale—Judgment—Service by Publication.**

A personal judgment against a nonresident, obtained on service by publication, is void, and no title is acquired by sale of real estate under execution thereon. (P. 647.)

**3.—Same—Jurisdiction.**

Where the judgment is silent as to jurisdictional facts (due citation of defendant) other parts of the record supplying them may be consulted and jurisdiction to render personal judgment disproved by showing that the only service was by publication against a nonresident defendant. (P. 647.)

**4.—Same—Case Stated.**

Real property was sold under execution on a personal judgment which failed to recite that defendant had been duly cited. The petition alleged that defendant was absent from the State; the affidavit for service by publication showed that he was a nonresident of the State. Held that no jurisdiction over his person was obtained by such constructive service and no title passed by the execution sale. (Pp. 645–647.)

**5.—Res Adjudicata—Persons not Bound.**

A former judgment holding the judgment and execution sale valid was binding upon the parties to the suit and those claiming in privity with them, though erroneous; but persons neither parties nor privies were not affected by it in a subsequent litigation involving the validity of the sale. (P. 647.)

**6.—Powers—Sale on Credit—Ratification.**

A power of attorney authorzing the agent to sell and convey land for a price named confers the right to sell for cash only, but a conveyance by the attorney in fact for part cash and part on time may be ratified by the acceptance of the proceeds of the sale by the principal. (P. 648.)

**7.—Same.**

Evidence considered and held legally sufficient to support a finding by the trial court that a sale of land by an attorney in fact, not authorized by the powers conterred on him because partly on credit, had been ratified by the principal. A ruling by the Court of Civil Appeals that there was no evidence tending to show ratification, though erroneous, must be treated as a finding of

fact by that court that the evidence was insufficient to show such ratification; but this, being on a question of fact, could not be reviewed by the Supreme Court. (Pp. 648, 649.)

**8.—Attorney in Fact—Conveyance—Powers—Case Stated.**

To prove title derived from R., there was introduced a conveyance by Lem G. Clepper as his attorney in fact, selling the land at one dollar per acre. There were two powers of attorney from R. to a person by the name of Clepper, both of the same date, and differing only in that one authorized sale at one dollar per acre and was made to Lemuel G. Clepper and recorded in M. County. The other authorized sale at three dollars per acre and was made to Samuel G. Clepper. This was filed for record in G. County, where the land was situated, on the same day and hour as the conveyance by Lem. G. Clepper as attorney in fact. Under the evidence, which is here considered, it is held that the trial court was not without support for his finding that there were two Cleppers, Samuel and Lemuel, each authorized to sell, and that the conveyance by Lem. G. Clepper was to be taken as an execution of the power conferred on that person by the instrument filed in M. County, and not necessarily referred to the power of attorney filed at the same time with his conveyance in G. County. (Pp. 645-649.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Grimes County.

Lightfoot and others sued Horst and others for the recovery of land. Defendant had judgment and plaintiffs appealed. The Appellate Court, reversing, rendered judgment for appellants, and appellees obtained writ of error.

*Buffington & Bowen, George D. Neal* and *Gordon Boone,* for plaintiff in error.—The levy of the execution under which the sale was made was before the filing of the deed from Snider to McMillan and created a lien upon the land in favor of Meuly as a judgment creditor, which took priority over the unrecorded title of McMillan. Paschal's Digest, arts. 4989; Grace v. Wade, 45 Texas, 523; Wallace v. Campbell, 54 Texas, 89; Senter v. Lambeth, 59 Texas, 259; Holmes v. Buckner, 67 Texas, 109.

The records showed a superior legal title in the heirs of Conrad Meuly at the time Horst purchased the land. The purchase was made by Horst after the Supreme Court of Texas had upheld Meuly's title and had decided against the title of Mitchell in the case of Mitchell v. Meuley, 32 Texas, 460; Holmes v. Buckner, 67 Texas, 109.

Under all the facts and circumstances a ratification of the sale by the attorney will be implied after the lapse of forty-nine years. 1 Am. & Eng. Ency. Law, 1009, sec. 5, notes 3 and 4, page 1012 (2d ed.); Silverman v. Bullock, 98 Ill., 11; Brown v. Central Land Co., 42 Cal., 257; Alexander v. Jones, 64 Iowa, 207; Pridgen v. Adkins, 25 Texas, 395.

The Court of Civil Appeals erred in holding that the judgment rendered by the Supreme Court and the judgment rendered by the District Court, in the case of Meuley v. Mitchell, was not res adjudicata as to all parties to this suit, for the reason that there was privity of estate as to all. Tadlock v. Eccles, 20 Texas, 790; Girardin v. Dean, 49 Texas, 246; Frankland v. Cassaday, 62 Texas, 418.

*Hefley & Watson, W. W. Meachum* and *L. C. McBride,* for defend-

ants in error.—It will be presumed that the "Lem G." Clepper as mentioned in said deed and the "Sam G." or "Samuel G." Clepper as mentioned in said power of attorney refer to the identical person, and that in making said deed the agent acted under the power of attorney as so recorded simultaneously with the deed.

A written power of attorney from principal to agent, authorizing the latter to sell and convey a particular tract of land at not less than three dollars an acre to the agent being expressed and conveyed in the following does not authorize the agent to dispose of the land at one dollar per acre, one-half paid and the balance to be paid; and the agent's deed made thereunder, reciting on its face to have been made for such consideration, is a nullity. Morton v. Morris, 27 Texas Civ. App., 262; Hunter v. Eastham, 95 Texas, 648; Skirvin v. O'Brien, 16 Texas Ct. Rep., 105; Reese v. Medlock, 27 Texas, 120; Garth v. Arnold, 115 Fed., 472; Hampton v. Moorhead,. 62 Iowa, 91; De Sollar v. Hanscome, 158 U. S., 216; Veeder v. McMurray, 23 N. W., 285; National Iron-Armor Co. v. Bruner, 19 N. J. Eq., 331; Edwards v. Davidson, 79 S. W., 49; Staten v. Hammer, 96 N. W., 964; Dyer v. Duffy, 19 S. E., 540.

If the recitals of the judgment do not contain any finding of appearance of or service upon defendant, the entire record of the case will be looked to to determine whether proper service has been had. Treadway v. Eastburn, 57 Texas, 213; Earnest v. Glaser, 32 Texas Civ. App., 378; Lutcher v. Allen, 43 Texas Civ. App., 102; Stoneman v. Bilby, 43 Texas Civ. App., 293; Babcock v. Wolffarth, 35 Texas Civ. App., 512; Foote v. Sewall, 81 Texas, 659; Martin v. Burns, 80 Texas, 676; Netzorg v. Green, 26 Texas Civ. App., 119.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The plaintiff in error Horst was the defendant and the defendants in error were the plaintiffs below and the other plaintiffs in error were impleaded by Horst as his warrantors.

The defendants in error will be referred to as plaintiffs and the plaintiffs in error as defendants.

The action was one of trespass to try title to recover 1280 acres of land in Grimes County, patented to Valentine Snider, October 1, 1841, and conveyed by him to Abraham McMillan by deed executed September 7, 1842, but not recorded until July 11, 1853.

The plaintiffs claim as heirs of George Resley, to whom McMillan conveyed November 7, 1854.

The defendant Horst claims 812 acres of the tract, disclaiming as to the rest (1) under the patentee, Snider, by execution sale of the land as his made during the interval between the date and the registration of the deed from him to McMillan; and (2) under a conveyance made by an attorney in fact for Resley after the conveyance to him by McMillan.

The execution sale was made July 5, 1853, in pursuance of a levy made May 30, 1853, the writ having issued May 5, 1853, on a judgment against Valentine Schneider, the same person as the patentee, rendered September 6, 1850, in favor of Conrad Meuly, who purchased at such sale. The judgment recited that the defendant failed

to appear and was silent as to service on the defendant. The petition, on which it was based, claimed only an indebtedness from the defendant to the plaintiff, alleging that the defendant was "absent from the State so that the ordinary process of law can not be served on him," and praying for service by publication. The affidavit for service by publication was that "the facts set forth in the foregoing petition are correct and true, and further, that said Schneider is not a resident of the State." The citation issued and published recited that Snider was a nonresident. A further statement of its contents is unnecessary.

The facts as to the other claim of title of the defendants are as follows:

They produced from the records of Montgomery County a copy of a power of attorney from George Resley, of the county of Milam, to *Lemuel* G. Clepper, of the county of Montgomery, of date August 4, 1855, empowering him "to sell and dispose of absolutely in fee or otherwise the above described land (that in controversy) as not less than one dollar per acre in such quantities and to such persons as my said attorney shall think proper, and also for me and in my name and as my act and deed to sign, seal, execute and deliver such deeds for the absolute sale of the same or otherwise as my said attorney shall deem proper; hereby ratifying and confirming all such conveyances, deeds, bargains and sales while shall at any time hereafter be made by my said attorney touching the premises."

They also produced the records of Grimes County, showing a deed from George Resley, of the county of Milam, by his attorney in fact, *Lem* G. Clepper, of the county of Montgomery, to James Mitchell, reciting the consideration to be $615 paid and $615 secured to be paid. The statement of facts does not give the description of the land conveyed, but recites that it is that described in the plaintiffs' petition, which is the entire 1280 acres. It is stated in the findings of the trial judge that the deed conveys that tract less fifty acres, and this was admitted to be correct in the argument in this court. So that we may assume that the attempt was to sell and convey twelve hundred and thirty acres at $1 per acre, half cash and half on credit.

The plaintiffs, in rebuttal, produced the record in Grimes County of a power of attorney from George Resley to *Samuel* G. Clepper, which otherwise, with the exception that it fixes the minimum price of sale at $3 per acre, is in the exact language, of same date, witnessed by the same persons and acknowledged before the same officer on the same day (August 4, 1855), as that first stated. The first appears to have been filed for record in Montgomery County, August 20, 1855, and the latter to have been filed in Grimes County at 10 o'clock a. m. of October 20, 1855, which was also the day and hour of filing the deed executed by the attorney in fact to Mitchell. The evidence shows no effort of either party to explain whether there were, *first,* really two Cleppers, with a power to each, or, *second,* only one, with two powers with conflicting provisions as to the minimum price, or, *third,* only one attorney and one instrument, changed in recording, or otherwise. The trial court found that there was a power

to Lemuel G. Clepper and another to Samuel G. Clepper, and that the deed to Mitchell was executed by the former under the first named power and that the title passed by such deed.

It further appears that on March 23, 1860, Conrad Meuley recovered judgment against James Mitchell for the land in controversy, with writ of restitution and possession, the verdict of the jury, recited in the judgment, allowing Mitchell $500 as the value of improvements and Meuly the same amount for use and occupation of the land; and that on appeal this judgment was affirmed by the Supreme Court in March, 1870.

The first contention of counsel for the defendants is that Meuly, by the levy of his execution on the land, secured a lien as creditor superior to the unrecorded deed to McMillan, and that, therefore, the title acquired by his purchase at the execution sale was also superior, whether the facts existed to make him also an innocent purchaser or not. We think, and the opposing counsel concede, that this would be true if the judgment under which the levy was made were valid. But we must sustain the contention that the judgment was void because the record in that cause shows that the court never acquired jurisdiction over the person of Schneider. The judgment itself being silent as to jurisdictional facts, other parts of the record supplying them may be consulted, and they show that Schneider was a nonresident of the State and, therefore, not to be brought within the jurisdiction of the court by any process it could issue. Treadway v. Eastburn, 57 Texas, 209. The allegation of the petition that the defendant was absent from the State, by itself, would not be inconsistent with the existence of power in the court to reach him with its writ, since one may be absent from the State and yet be a citizen of and resident in it, and therefore amenable to the process of its courts. But his absence may be because of nonresidence, and this is what the petition and the affidavit for publication, construed together, show to have been true of Schneider; and it follows that jurisdiction over his person could not be obtained by constructive service. Northcraft v. Oliver, 74 Texas, 169.

It is true that the court, in the appeal of Mitchell v. Meuley, 32 Texas, 460, expressly decided, in accordance with previous holdings in this State, that the judgment against Schneider was valid, but the law has been settled to be otherwise by many subsequent decisions of the Supreme Court of the United States and of this court. By that decision the question became *res judicata* between Meuley and his privies on the one hand, and Mitchell and his privies on the other. But neither Schneider nor Resley, nor anyone with whom they or their heirs were in privity, was a party to that suit. If the title did not pass out of Resley by the conveyance executed by Clepper to Mitchell, it could not be affected by the judgment against the latter. And this brings us to the question as to the effect of that conveyance.

The Court of Civil Appeals, conceding for the sake of argument that the trial court was right in its holding that there were two powers of attorney, one to *Lemuel* G. Clepper and the other to *Samuel* G. Clepper, and that the conveyance was made by the former

under the power to him, held that the title did not pass, for two reasons, viz.:   (1) The price was less than $1 per acre, and (2), the sale was partly on credit.  Whether or not the first holding should be regarded as erroneous, in point of fact, upon the record presented to that court, we need not determine.  The other reason was good. What other disposition of the land than an absolute sale might come within the language of the power is a question not raised by the facts.  That which the agent attempted was an absolute sale, and it is settled, in this State at least, that the grant of an authority to sell implies that the sale is to be for cash unless more extensive power is in some way expressed.  This instrument may give power to do other things than sell, but, in giving power to sell, it in no way expresses an intention that credit may be given for part of the price. It is contended by counsel for the plaintiffs that the sale was void for the further reason that it must have been made under the power of attorney filed for record in Grimes County at the same hour of the same day with the deed executed by the attorney in fact, but we can not so hold.  The statement made as to this shows a condition of things explicable only by further evidence than now appears. Upon that in the record the least that can be said is that the trial judge was justified in finding that the conveyance was made by Lemuel G. Clepper under the power to him, its genuineness not being questioned, and not under another differing from it not only in the name of the donee of the power, but in another material particular. All the objections to the conveyance by Clepper are met by counsel for defendants with the contention that it was ratified.  The Court of Civil Appeals holds there was no evidence to justify an inference of ratification and in this we think there was error.  All that was necessary to a ratification was that the proceeds of the sale should have been paid to Resley by Clepper, according to his duty, and retained by the former.  If he received only the money paid in cash and kept it, he must have known that the sale was made partly on credit and have elected to abide by it; and the same conclusion would result, for a stronger reason, from the receipt and retention of both the cash and the credit payments, or of any obligation taken for the latter.  It is true that there is no direct evidence that any of these things took place; but if the circumstances are such as to justify a reasonable conclusion that they probably did, the trial court would be authorized to find that the sale was ratified.  It was made in less than two months after the execution of the power, and the deed was recorded less than a month later.  Five years after we find Mitchell in possession of the land, asserting title under the deed against Meuly, who, so far as appears, was the only one that ever disputed that title until this suit was brought, nearly half a century after the deed was executed.  We say that Mitchell was in possession of the land because the fact appears from the finding of the jury and the judgment in the action of Meuly against him.  While that judgment is not binding on Resley and his heirs, it is a fact from which appear the claim asserted and actions taken by Mitchell in the most open manner.  Nor do we hold that the record of the deed was constructive notice to Resley.  It is simply a fact further show-

ing the open nature of the claim under it. There is testimony to the making of sales and conveyances of the land by the heirs of Meuly, to the cutting of timber by a purchaser, to the employment by the Meulys of agents in the county to look after it and of some payment of taxes by Horst since he bought. The evidence does not show whether or not there has been other payment of taxes. Witnesses who have long known the land testified that it was known as the Meuly land and of their never having heard of a claim of Resley or his heirs until this suit was brought. From these circumstances we think the inference, or presumption, of ratification would be by no means unreasonable. It was the province of the Court of Civil Appeals to determine the question of fact whether or not this evidence proved ratification, and their conclusion that it did not and their consequent reversal of the judgment can not be reviewed by us; but the holding that there was no evidence was the only one which would sustain the rendition of final judgment by that court, and it was one of law which it is our duty to revise. When we find that there is evidence to be passed on by the trial court it follows that the cause should be remanded for a new trial. Eastham v. Hunter, 98 Texas, 563.

*Reversed and remanded.*