**DUNLAP et ux. v. ENGLISH. (No. 1184.)**

(Court of Civil Appeals of Texas. El Paso. May 5, 1921.)

**1. Homestead ⟶168—Temporary absence and renting not abandonment.**

A mere temporary absence and renting does not constitute an abandonment of a homestead.

**2. Homestead ⟶181½—Offer to sell not necessarily inconsistent with intention to return.**

An offer to sell homestead property is not necessarily inconsistent with an intention to return and reoccupy the property as a home if not sold.

**3. Homestead ⟶181(3)—Clear proof necessary to show abandonment.**

To show abandonment of a homestead by removal where a new homestead has not been acquired, the proof of total abandonment with intention not to return must be undeniably clear and conclusive.

**4. Homestead ⟶181(3)—Evidence held not to show abandonment.**

Evidence in a suit for specific performance of a contract to convey merely showing that the defendants removed from the property, rented it and expressed a willingness to sell held not to show abandonment of homestead rights.

**5. Principal and agent ⟶122(1)—Authority of agent cannot be proven by his declarations.**

The authority of an agent to sell real estate cannot be proven by his own declarations.

**6. Principal and agent ⟶119(2)—Presumption as to authority to sell on credit stated.**

Where an agent was authorized to sell real estate for a certain amount, the presumption obtains that the sale must be for cash in the absence of evidence that authority was granted to sell on credit.

**7. Principal and agent ⟶123(3)—Evidence held not to support finding of authority to sell realty on credit.**

A letter to an agent indicating a willingness to sell real estate for a certain amount *held* not to support a finding that the agent was authorized to sell for part cash and the balance by assumption of the payment of certain outstanding purchase-money notes and taxes against the property.

Appeal from District Court, Dawson County; W. R. Spencer, Judge.

Action by D. B. English against P. E. Dunlap and wife. Judgment for plaintiff, and defendants appeal. Reversed, and remanded.

McGuire & Garland, of Lamesa, for appellants.

G. E. Lockhart, of Tahoka, for appellee.

PER CURIAM. English sued P. E. Dunlap for specific performance of a written contract to convey to the former three lots in Lamesa, Tex., and in the alternative for damages arising from breach of the contract. The contract upon which the suit is based was executed by O. E. Dunlap, who undertook to act as the agent of P. E. Dunlap. It was dated October 27, 1919, and obligated Dunlap to convey upon a consideration of $2,000, part of which was to be paid in cash, and the balance by the assumption by English of some outstanding purchase-money notes against the property and the taxes.

Dunlap defended upon the ground that O. E. Dunlap was without authority to act for him in the premises, and also that the property was his homestead, and enforcement of the contract could not be had on that account. His wife, Mrs. Dell Dunlap, intervened setting up her homestead rights. In response to special issues the jury found that the property was not the homestead of the Dunlaps at the date of the contract; that O. E. Dunlap was the authorized agent to sell the property; that the market value of the property in November, 1919, was $2,500, and in December of that year was $2,750.

The court entered a decree in favor of English for specific performance upon payment into the registry of the court of $1,500, which was adjudged to be the balance of the contract price, less taxes and the outstanding purchase-money notes.

---

⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The Dunlaps appeal, filing separate briefs. The assignments of P. E. Dunlap will be first considered. In so doing specific reference will not be made to the various assignments, confining ourselves to what we conceive to be the controlling questions presented thereby.

[1, 2] Appellants, lived upon the property with their children until early in the year 1919. They then left Lamesa and went to East Texas, where they remained until about November, 1919, when they returned to Lamesa. It is not questioned that the property was their homestead until they left. It is not contended that they have acquired a new permanent home. Some time after their departure the place was rented to English until January 1, 1920. P. E. Dunlap testified that he left Lamesa on account of adverse conditions prevailing there. He and his wife in their testimony negatived the idea of a permanent abandonment, and both asserted positively that they at all times intended to return to their home. The only circumstances which tend to show abandonment are the absence in East Texas for about nine months where Mrs. Dunlap's father lived, during which time the property was rented to English, and the fact that P. E. Dunlap wrote O. E. Dunlap indicating a willingness to sell for $2,000, "and if you can't sell it wish you would see about renting it." A mere temporary absence and renting does not constitute an abandonment. Neither was the offer to sell necessarily inconsistent with an intention to return and reoccupy the property as a home if they did not sell. Thomas v. Williams, 50 Tex. 269; Thigpen v. Russell, 55 Tex. Civ. App. 211, 118 S. W. 1080.

[3] As to the character of proof necessary to show that property has lost its homestead character by abandonment before a new and permanent home has been acquired, our courts at an early date spoke in no uncertain terms. In the language of Judge Hemphill, if "a homestead may be disrobed of its guaranties, and the protection lost" before "a new and permanent one has been acquired," "it must be undeniably clear and beyond almost the shadow, at least all reasonable ground of dispute, that there has been a total abandonment, with an intention not to return and claim the exemption." Gouhenant v. Cockrell, 20 Tex. 96.

In Cross v. Everts, 28 Tex. 525, Justice Coke said:

"The rule to be extracted from the cases of Shepherd v. Cassidy, 20 Tex. 29, and Gouhenant v. Cockrell, 20 Tex. 96, where this question was discussed and decided by our predecessors in this court, and which is believed to be the correct one, is that, if it be admitted that an old homestead may, in opposition to this general rule laid down by Judge Story with regard to the change of domicile, be abandoned before the acquisition of a new one, it can only be on the most clear, conclusive,

and undeniable evidence of abandonment of the homestead."

In this connection see, also, Scott v. Dyer, 60 Tex. 139; Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586.

[4] So far as we are advised, the rule of decision thus announced has never been overruled, though expressions in later decisions may be found which seem to question its wisdom. Tested thereby, we are of the opinion that the evidence in this case does not measure up to the required standard, and the finding against appellants upon the homestead issue should be set aside. Thomas v. Williams et al., 50 Tex. 269. In the case last cited the Supreme Court set aside a finding adverse to the homestead claim based upon evidence apparently more cogent than here presented.

[5-7] As to those assignments which relate to the authority of O. E. Dunlap to execute the contract of sale, it may be first remarked that the court should have excluded the testimony of English of declarations made by O. E. Dunlap that he was authorized by P. E. Dunlap to sell the property. The authority of an agent cannot be thus proven. The only competent evidence adduced to show such authority was the letter written by P. E. Dunlap above noted. Conceding that this letter conferred authority to sell for $2,000, there is nothing therein to imply authority to sell on credit. In the absence of any evidence that authority was granted to sell on credit, the presumption obtains that the sale must be for cash. Horst v. Lightfoot, 103 Tex. 643, 132 S. W. 761. The contract of sale was not upon a cash basis. The letter did not confer authority to sell in consideration of the assumption by English of the payment of outstanding purchase-money notes and taxes. The evidence will not support a finding that O. E. Dunlap was authorized to sell upon the terms embodied in the contract sued upon.

Complaint is made of the judgment upon the ground that there is no evidence of the amount due upon the outstanding purchase-money notes and for taxes, and therefore no basis for the decree awarding specific performance upon payment of only $1,500 cash. There is a complete want of evidence in the particular indicated, and the judgment in this respect is unsupported by the evidence.

Other questions presented in the brief of P. E. Dunlap are regarded as without merit, and the assignments raising same are overruled. Those assignments presenting the matters discussed are sustained.

For the reasons indicated, the second assignment of Mrs. Dunlap complaining of the refusal of the court to set aside the adverse finding upon the homestead issue because of the insufficiency of the evidence to support it is sustained. Her remaining assignments are overruled.

Reversed and remanded.