**Shirley MILLER et vir, Appellants,**

v.

**Frank COWELL, Appellee.**

**No. 14007.**

Court of Civil Appeals of Texas.

Houston.

Nov. 15, 1962.

Henry Klepak, Norman A. Zable, Dallas, for appellants.

W. T. Bennett, Mac L. Bennett, Jr., Huntsville, for appellee.

WERLEIN, Justice.

This suit was brought by appellants, Shirley Miller and husband, W. F. Miller, in the District Court of Walker County, 12th Judicial District, Cause No. 10520, against appellee, Frank Cowell, to set aside an order of said court entered June 20, 1960 in Cause No. 10411, styled Frank Cowell v. Shirley Cowell, which order changed the custody of Deborah Lanae (Lane) Cowell from her mother, Shirley Miller, formerly Shirley Cowell, to the minor's father, Frank Cowell.

Appellants allege in their original petition that when the judgment of divorce was rendered in said Cause No. 10411 on March 18, 1957, the custody of said minor was awarded to its mother, the present Shirley Miller; that on May 17, 1960, at the time appellee filed his petition in Cause No. 10411 to modify the court's judgment therein and give him custody of said child, appellants were domiciled in and residents of the State of Illinois; that appellee caused to be issued notice to serve nonresident defendants in said cause and the same was served on them in Illinois; that at such time they and said minor were without the State of Texas; that although they made no answer or appearance in said cause, the court entered judgment therein giving the care, custody and control of said minor child to appellee; and that the court had no jurisdiction to enter such judgment.

Appellee filed a sworn plea in abatement and special exceptions to appellants' unsworn petition, stating that the judgment sought to be set aside was regular on its face, adjudicated subject matter over which the court had jurisdiction, and contained affirmative recitals of due and proper service of citation upon Shirley Miller and her husband; that the court had jurisdiction of the parties and subject matter; that process had been on file for more than 10 days next prior to date of trial; that the judgment sought to be set aside was valid and subsisting; that in a direct or collateral attack upon a judgment over which the court is invested with jurisdiction the judgment of the court controls over the remainder of the judgment roll and is not subject to being impeached; and that plaintiff's petition should be abated and dismissed.

The only evidence introduced on the hearing of the present suit consists of said judgment entered by the trial court on June 20, 1960 in Cause No. 10411, and the notice served upon appellants in the State of Illinois, in connection with the change of custody proceedings. Said judgment recites:

"And the Defendants, Shirley Miller and husband, W. F. Miller, though having been served with citation for the time and in the manner provided by

law, came not, but wholly made default, and the Court having observed the pleading of plaintiff, Frank Cowell, and having determined that the citation had been issued and served upon the Defendants, Shirley Miller and husband, W. F. Miller, for the time and in the manner required by law, and that the same has been on file for more than ten days next prior to the date hereof, and that all prerequisites of the law *envoking* the jurisdiction and venue of this said cause and the parties hereto had been in all things complied with, and the Defendants, Shirley Miller and husband, W. F. Miller, though having been served with process as above set out, came not, but wholly made default, and came the Plaintiff, Frank Cowell, in person and by his attorney of record, and announced ready for trial, and the Court proceeded to hear said cause as under the law provided without the intervention of a jury, and after hearing the pleadings and evidence, argument of counsel having been waived, the Court determined that the law and the facts were with Plaintiff, Frank Cowell * * *."

After said judgment in Cause No. 10411 and the citation in said cause were introduced, the court entered judgment sustaining appellee's plea in abatement and dismissing the present cause of action, from which judgment appellants have duly perfected their appeal.

It is appellants' contention that the trial court erred in sustaining appellee's plea in abatement and in failing to set aside the judgment rendered in Cause No. 10411 changing the custody of said child, for the reason that nonresident service in child custody cases is insufficient in law and for the further reason that the trial court attempted to exercise extraterritorial jurisdiction in said cause and its judgment is, therefore, subject to direct attack.

There is nothing in the record to show that appellants were nonresidents of the State of Texas at the time appellee filed his petition to change the custody of said child or at the time nonresident notice was served upon appellants in the State of Illinois, or at the time of the change of custody hearing and entry of the judgment in question. It is true that appellants allege in their original petition that they were at such times nonresidents of this State. Their petition, however, is not evidence of the recitals made therein. The judgment of the court recites proper service and is controlling. As stated in Litton v. Waters, Tex. Civ.App., 161 S.W.2d 1095, writ ref.: "A judgment is void and may be wholly disregarded only when a lack of jurisdiction of the court rendering the same is disclosed by the record of the judgment. Although the process is considered a part of the record, it does not follow that recitals of the judgment may be contradicted thereby."

Furthermore, the return on the citation showing that appellants were actually served in the State of Illinois does not constitute evidence that at that time they were nonresidents of this State and citizens of the State of Illinois. Under Rule 108, Texas Rules of Civil Procedure, the form of notice to a defendant, who is a citizen of this State but absent therefrom, and to a nonresident of the State, is the same. Such rule provides that "A defendant served with such notice shall be required to appear and answer in the same manner and time and under the same penalties as if he had been personally served with a citation within this State."

The notice served on appellants in Illinois shows no more than that they were served in that state. It does not show whether appellants were at such time residents of the State of Texas temporarily absent or nonresidents domiciled in the State of Illinois. Service without this State of process against a defendant who is a resident citizen of this State, but temporarily absent, confers jurisdiction. Fernandez v. Casey, 1890, 77 Tex. 452, 14 S.W. 149; Martin v. Burns, 1891, 80 Tex. 676, 16 S.W.

1072. A party may be absent from the state and yet be a citizen, and as such subject to the process of its courts. Horst v. Lightfoot, 1911, 103 Tex. 643, 132 S.W. 761; Milliken v. Meyer, 1940, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357.

█ The only evidence introduced by appellants in the present cause consists of said citation. No offer was made by them to introduce any other evidence. Since there is no evidence in the record contradicting the court's recitals in the judgment of due service of process upon appellants, and no evidence that appellants and the minor were not residents and citizens of the State of Texas and within the jurisdiction of the court at all times pertinent to the change of custody proceedings and judgment, the judgment of the trial court must be affirmed.

Judgment affirmed.