Otto A. VOGEL, Appellant,

v.

Martha E. VOGEL, Appellee.

No. 14487.

Court of Civil Appeals of Texas.

San Antonio.

June 22, 1966.

Evans & Marshall, San Antonio, for appellant.

Waitz, Bretz & Collins, San Antonio, for appellee.

CADENA, Justice.

Appellant, Otto A. Vogel, seeks review, by writ of error, of a judgment rendered against him in a bill of review proceeding instituted by his former wife, Martha E. Vogel, appellee. The judgment complained of, set aside a prior judgment awarding Mr. Vogel custody of the three minor children of the parties, and restored their custody to Mrs. Vogel.

The parties, since their divorce in June, 1960, have been involved in several suits in Texas, California and Maryland, involving the custody of the children. In December, 1964, appellee, who was then living in El Paso, had custody of the minors under the provisions of a decree rendered in one of these cases. On December 29, 1964, appellant filed cause No. F-167,374, in the 166th District Court of Bexar County, alleging changed conditions and praying that custody of the children be awarded to him. Mrs. Vogel was served with citation in El Paso.

On February 5, 1965, the Hon. Robert R. Murray, Judge of the 45th District Court of Bexar County, rendered judgment acting as Judge of the 166th District Court, in cause No. F-167,374, awarding custody of the children to appellant. This judgment recited that although Mrs. Vogel had been duly served, she had failed to appear or answer.

On March 10, 1965, after the time during which appellee could have filed a motion for new trial in cause No. F-167,374 had expired, appellant took the children.

On March 15, 1965, appellee filed her application for bill of review, cause No. F-169,133, in the 166th District Court of Bexar County, the court in which the prior judgment had been rendered. On March 17, 1965, appellant was personally served with out-of-state notice in Ohio. He filed no answer in that case, and on June 29, 1965, the Hon. Peter Michael Curry, Judge of the 166th District Court, entered judgment in favor of Mrs. Vogel in this case. This judgment set aside the judgment rendered on February 5, 1965, in cause No. F-167,374, denied Mr. Vogel's prayer for a change of custody, and awarded custody to Mrs. Vogel. Appellant timely filed his petition for writ of error, with the required bond.

Appellant first assails the judgment below on the ground that the trial court lacked jurisdiction to entertain the bill of review, since appellee's verified petition shows that neither appellant nor the children were residents of the State of Texas at the time of the proceedings.

The petition makes no reference to the whereabouts of appellant. However, the return of citation shows that he was served personally in Ohio. The petition does state that the children have been removed from the State of Texas.

The petition does not show that appellant was a non-resident of Texas.

It, therefore, does not show on its face a lack of jurisdiction in the Texas court over the person of Mr. Vogel. If Mr. Vogel was a resident of Texas, personal service upon him without the State would be sufficient to confer jurisdiction upon the Texas court. Fernandez v. Casey, 77 Tex. 452, 14 S.W. 149 (1890); Horst v. Lightfoot, 103 Tex. 643, 132 S.W. 761; Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278.

In like manner, the petition is silent concerning the domicil of the three minor children. The statement in appellee's petition that appellant had removed the children from Texas is not an admission that such children are domiciled elsewhere. If the children were, in fact, domiciled in Texas, their temporary absence from the State would not defeat the power of a Texas court to determine matters relating to their custody. Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551 (1946).

The judgment of the trial court in this case recites that it was entered after the court had heard evidence. Assuming, but not deciding, that the jurisdiction of the court below depended on findings concerning the domicil of appellant and the children, we have a situation where the jurisdiction of the court depended on the existence of certain facts. In the absence of a statement of facts, we must presume that the trial court found that the necessary jurisdictional facts existed and that such findings were supported by the evidence which the judgment recited was heard by the trial court. Nothing which could have been cured by legal evidence in the trial court can be assigned as error where the case is before us without the statement of facts. Dewees v. Hudgeons, 1 Tex. 192 (1847); Allison v. Baird Development Co., Tex.Civ.App., 292 S.W. 956, no writ.

By affidavits attached to his petition for writ of error appellant alleges that at the time appellee filed her petition for bill of review he and the children were residents of the State of Maryland. While we may consider affidavits relating to facts which affect the jurisdiction of this Court, Fitts v. Grand Lodge, Brotherhood of Railway Trainmen, Tex.Civ.App., 66 S.W.2d 434, wr.dism., we cannot consider affidavits which tend to show lack of jurisdiction in the trial court. Bingham v. Graham, Tex. Civ.App., 220 S.W. 105, no writ; Pipe Line Park Properties, Inc. v. Fraser, Tex.Civ. App., 398 S.W.2d 154, no writ.

Appellant next contends that appellee's petition for bill of review failed to allege the necessary facts to entitle her to relief.

Appellee's petition alleged the following facts: (1) On January 26, 1965, after she was served with citation in cause No. F-167,374, she mailed a letter, via air mail, to the 166th District Court of Bexar County. (2) This letter, which constituted her answer to appellant's cause of action in that suit, stated a meritorious defense and was received by the 166th District Court on or before appearance date, February 1, 1965. (3) Through accident or mistake, and without fault or negligence on the part of appellee, this letter was not filed among the papers of the case until February 16, 1965. (4) On February 5, 1965, the Honorable Robert Murray, Judge of the 45th District Court of Bexar County, Texas, acting as Judge of the 166th District Court, entered judgment in favor of appellant in cause No F-167,374. (5) This judgment which recited that appellee had failed to appear or file an answer in that proceeding, awarded custody of the children to appellant. (6) Appellee had no notice of the setting of the case for a hearing, nor did she have notice of the rendition of the judgment against her until March 10, 1965, when appellant, acting under authority of the judgment, took the children. (7) The time for filing a motion for new trial in cause No. F-167,374 expired prior to March 10, 1965. (8) Appellee's failure to learn that the case was set for trial, or that a judgment had been rendered against her, was not due to her fault or neglect.

Appellant, relying on Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950), argues that the petition is deficient because it does not allege that appellee had a meritorious defense to appellant's suit which she was prevented from presenting by the "fraud, accident or wrongful act of the opposing party."

Appellee does not allege that appellant was guilty of fraud or of any other wrongful act. The "mistake" or "accident" on which she relies for relief, and which the court below found to have occurred, consisted in the inadvertent misplacing of her answer by the personnel of the 166th District Court, and the resulting failure to file such answer until after judgment had been rendered against her. Her pleadings, and the recitals in the judgment of which she complains, make it apparent that Judge Murray, the judge of another court, entered judgment under the mistaken belief that no answer had been filed.

It is true that many of the decisions in this State, including Hagedorn, contain language indicating that the accident or mistake on which the complainant in bill of review proceedings relies must have resulted from the act, wrongful or innocent, of the opposing party. However, the decision by the Supreme Court in Hanks v. Rosser, 378 S.W.2d 31 (1964), makes it clear that relief is available even where there is no fraud or wrongful act of the opposing party. Here, as in Hanks, appellee's predicament is due to the acts of an official of the court in which the suit was pending in matters pertaining to his duties. If all of the other elements of a bill of review are present, a complainant is entitled to relief where the error of a court official has prevented complainant from presenting his defense. Texas State Board of Examiners in Optometry v. Lane, Tex.Civ.App., 358 S.W.2d 636, wr.ref., n.r.e.; Restatement, Judgments, § 120(b) and accompanying comment. See also 4 McDonald, Texas Civil Practice, § 18.27, p. 1495.

Nor is appellee barred by the fact that she did not seek relief by writ of error. Proof of her right to relief required the introduction of extrinsic evidence, since the bases for her claim were not reflected in the record of cause No. F-167,374. Under these circumstances, appellate review of the judgment by writ of error would have been inadequate, and her bill of review was properly entertained by the court below even though it was filed before the time for filing a petition for writ of error had expired. Gutierrez v. Cuellar, Tex.Civ. App., 236 S.W. 497, no writ.

In the absence of a statement of facts, we do not consider appellant's points relating to insufficiency of the evidence.

The judgment of the trial court is affirmed.