**Edith ROQUEMORE, Appellant,**

v.

**O. B. ROQUEMORE, Jr., Appellee.**

**No. 277.**

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 29, 1968.

Harold A. Thomas, Corpus Christi, for appellant.

Sorrell, Anderson & Porter, Wm. R. Anderson, Jr., Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This is a suit for change of custody of a minor child brought by O. B. Roquemore, Jr., appellee here and plaintiff below, against his former wife, Edith Roquemore, appellant here and defendant below. After jury trial, conducted under circumstances hereafter set out, the trial court rendered judgment based upon the verdict, that custody of the child be awarded to appellee.

Appellant asserts eighteen points of error, which appellee has answered in five counterpoints. Appellant's first eight points assert in substance that the trial court erred in refusing to permit appellant's deposition to be taken in Illinois on written interrogatories in support of her special appearance and plea to the jurisdiction; in refusing to permit appellant's oral deposition to be taken in Illinois, the state of her alleged residence; in requiring appellant's deposition to be taken in the 117th District Courtroom, Corpus Christi, Nueces County, Texas; in striking the appellant's answers to written interrogatories and in refusing to consider the same; and in denying appellant due process and equal protection of law under the State and Federal Constitutions. Appellant's point 9 com-

plains of the denial of a jury on the hearing of appellee's motion to strike appellant's answer. Points 10, 11 and 16 assert in substance that the trial court erred in striking the "answer of the Plea of Jurisdiction and Special Appearance of defendant without hearing evidence" and in overruling appellant's plea to the jurisdiction of the court. Point 12 asserts that the trial court erred in striking appellant's pleadings and denying her defenses. Points 13, 14 and 15 relate to alleged legal and factual insufficiency of the evidence to support the verdict, and the overruling of appellant's motion for judgment non obstante veredicto. Points 17 and 18 assert that the trial court erred in rendering judgment granting custody of the minor child to appellee when it was undisputed that the child and appellant were not residents of Texas.

Appellee filed his first amended original petition on March 15, 1965. His original petition had been filed on November 10, 1964, but appellant was not served with citation on the same. Appellee's amended petition alleged in substance that both parties were residents of Nueces County, Texas, but appellant was temporarily staying in Alton, Illinois; that on June 17, 1964 appellant was granted a divorce in the Court of Domestic Relations of Nueces County, Texas, in Cause No. 80,243; that appellant was granted custody of Joyce Lynn Roquemore, the minor child, subject to provisions that appellee have temporary custody of the child for three weeks during the summer vacation period and that appellee have certain visitation rights on the first and third weekends of each month and during Christmas week; that appellant had totally refused to obey the said order of the court; that appellant had taken the child to Illinois, had secreted her and had refused to allow appellee his normal visitation rights; that appellant had attempted to change the name of the child to Edith Mills; that appellant refuses to disclose the address of the child or whether she is adequately cared for; that appellant has abrogated her responsibility for custodial rights; and that it would be to the best interest of the child for custody to be changed from appellant to appellee. Appellee prayed that he be granted full custody subject to reasonable visitation rights by appellant.

On April 9, 1965, appellant, through her attorney, filed a special appearance as provided by Rule 120a Texas Rules of Civil Procedure, in which she objected to jurisdiction of the court over her person, and alleged that she was not amenable to process issued by the courts of this State; that since August 1964, she had been a resident of Alton, Illinois. Appellant further objected to jurisdiction because the minor child (whose name was misstated) in custody of appellant had resided in Alton, Illinois since August 1964 and was not within the jurisdiction of the court. Subject to the special appearance, appellant filed a general denial. On April 14, 1965 appellant filed an amended special appearance in which she repeated the allegations of the original special appearance except to correctly state the name of the minor child.

On April 28, 1965, appellant's attorney served written interrogatories on appellee, under Rule 168, T.R.C.P. These were answered on May 6, 1965. On April 30, 1965, appellant's attorney filed notice of intention to apply for a commission to take the deposition of appellant on attached written interrogatories, and served the same by mail on counsel for appellee. On May 5, 1965 appellee filed a motion to strike the interrogatories directed to appellant and that her deposition be taken by oral examination in the courtroom of the 117th District Court of Nueces County, Texas. The trial court set appellee's motion for hearing on May 14, 1965. On May 7, 1965 the clerk issued a commission for the taking of appellant's deposition on the direct interrogatories filed by her. No cross interrogatories were filed by appellee. On May 14, 1965 the trial court, after hearing, granted appellee's motion to strike the written interrogatories propounded to

appellant and for her deposition to be taken by oral examination, and ordered that appellant appear for such purpose in the 117th District Courtroom of Nueces County, Texas at 10:00 A.M. on Thursday, June 17, 1965. Formal order to such effect was entered on May 19, 1965. Appellant's attorney excepted to the action taken. On June 4, 1965 appellant filed a motion for modification of the trial court order rendered May 14, 1965 and requested that if appellant's deposition was not to be taken on written interrogatories, then that justice demanded that her oral deposition be taken at Alton, Illinois, the place of her residence. Appellant alleged in substance that she was the mother of two daughters, one eight years of age, and that they required her care and supervision; that it was necessary for appellant's deposition to be taken in support of her special appearance and plea to the jurisdiction; that to require appellant to travel to Corpus Christi for an oral deposition involved great distance, time and expense, created problems concerning her minor child and constituted grievous inconvenience, and was oppressive and unduly burdensome. The court set appellant's motion for hearing on June 11, 1965, at which time it was overruled. Formal order reflecting that action was signed and entered on June 22, 1965. On June 17, 1965 appellant did not appear in Corpus Christi, Texas for her oral deposition as she had been ordered to do. On June 19, 1965, appellant filed another motion reading as follows:

"NOW COMES Defendant Edith Mills Roquemore and praying for orders of this Court as hereinafter set forth, in support thereof would respectfully show the following:

I.

Defendant by order of this Court was scheduled to appear in the Courtroom of the 117th District Court at 10:00 o'clock A.M., June 17, 1965 for the taking of her deposition. It is impossible for Defendant to appear at such time due to the fact that she is under a contract of employment for teaching during the summer months in the State of Illinois, where she resides. She will be so employed until the latter part of August. A request has been made for a hearing on her Plea to the Jurisdiction at which hearing Defendant will be present. Additionally, subject to her Plea to the Jurisdiction this cause has been set for trial for the week of August 30, 1965 at which trial Defendant will be present.

II.

By reason of the premises, Defendant prays that the taking of the deposition of Defendant be postponed to August 26, 1965."

On June 21, 1965 appellee filed a motion to strike appellant's answer and for judgment, which alleged that appellant had failed to appear on June 17, 1965 for her oral deposition; that she was in contempt of court except for good cause shown; that under Rule 215a, T.R.C.P., all pleadings of appellant should be stricken and after hearing appellee should be granted judgment. That motion was set for hearing on August 6, 1965. On August 6, 1965 counsel for appellant moved that the hearing be postponed until August 26, 1965, and requested the court to consider appellant's motion of June 19, 1965, hereinabove set out. Counsel for appellant made it clear that appellant was insisting on her plea to the jurisdiction, but told the court that he had consulted with appellant and that he had picked out the date for the deposition to be taken on August 26th, and subject to the plea to the jurisdiction, going to trial during the week of August 30, 1965. Counsel for appellant expressly proposed to tender appellant for oral deposition on August 26, 1965. The trial court, in view of such tender, postponed the hearing of August 6th until 2 o'clock P.M. on August 26, 1965, with the understanding that appellant would appear at 10 o'clock A.M. of that same day for her oral deposition. At the conclusion of the hearing of August 6th

the trial judge announced that if appellant did not appear as scheduled on the morning of August 26th that he would proceed with the hearing. On August 26, 1965 appellant did not appear for oral deposition, and that afternoon the court proceeded to determine the matters theretofore postponed to that date. The order rendered by the court and formally entered on August 30, 1965, reads as follows:

"On this, the 26th day of August, 1965, came on the be heard Plaintiff's Motion to Strike Defendant's Answer and Motion for Judgment; and came the Plaintiff in person and by and through his attorney, and came the Defendant, by and through her attorney; and the Court, after denying Defendant's request for Jury on Motion to Strike after hearing said motion to strike and argument of counsel, does find the Defendant, Edith Roquemore, was heretofore ordered by this Court to appear in the 117th District Courtroom, Nueces County Courthouse, at 10:00 o'clock A.M. on Thursday, June 17, 1965, for the purpose of taking her deposition by oral examination; that at said time and date the Defendant, failed to appear pursuant to the order of the Court, and at which time Defendant's attorney did propose to produce the Defendant, Edith Roquemore, for the purpose of having her deposition taken by oral examination on the 26th day of August, 1965, at 10:00 o'clock A.M. in the Courtroom of the 117th Judicial District Court, and the Court did order the Defendant, Edith Roquemore, to appear at 10:00 o'clock A.M. on Thursday, August 26, 1965, in the 117th District Courtroom, Nueces County Courthouse, Nueces County, Texas; but that at such time and date neither the Defendant, Edith Roquemore, or her attorney appeared as ordered by the Court; and the Court being of the opinion that the Plaintiff's Motion to Strike should be granted,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that all of the Defendant's pleadings and defenses are stricken and denied, and the Defendant's plea and special appearance to the jurisdiction of this Court is overruled and denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Judgment and the hearing on the merits of this cause shall be heard on Plaintiff's pleadings filed herein on the 30th day of August, 1965, at 9:00 o'clock A.M.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of this motion be taxed against the Defendant.

To which action of the Court the Defendant excepted.

SIGNED AND ORDERED ENTERED this 30th day of August, 1965."

The case was not tried on August 30, 1965, as indicated in the last-mentioned order. Instead, it came on for trial before the court and jury on March 14, 1966. Counsel for appellant participated in the trial. In answer to one special issue the jury found in substance that since the former judgment granting custody of the minor child to Edith Roquemore, appellant, there had occurred such a material change of conditions that the best interest of said child required a change of custody to O. B. Roquemore, Jr., appellee. On March 25, 1966 the trial court rendered judgment based upon the verdict that the custody of the minor child be changed from appellant to appellee and that appellant should have the right of reasonable visitation.

We will first consider appellant's contentions concerning the attempted taking of her deposition. Appellant's argument concerning the alleged errors of the trial court in connection with the attempt and failure to take her deposition can be narrowed to two basic contentions: First, that she was entitled to have her deposition taken on written interrogatories under Rules 189 and 215, T.R.C.P., and second,

that the place fixed for taking her deposition was improper, i. e. that it should have been in Illinois and not in Nueces County, Texas. The first contention is not well taken because under the conditions, the trial court was authorized to order the deposition taken on oral examination, instead of on written interrogatories. Rule 186b, T.R.C.P. See, particularly, the general commentary under such rule relating to the 1957 amendments to it. Vernon's Texas Civil Rules Annotated, Vol. 2, pages 283–284; Thode, Some Reflections on the 1957 Amendments to the Texas Rules of Civil Procedure Pertaining to Witnesses at Trial, Depositions, and Discovery. 37 Tex.L.Rev. 33. As to the second contention, we are inclined to agree with appellant that the trial court at the hearing of May 14, 1965 should not have fixed, over objection, the place of taking appellant's deposition in Nueces County, Texas, and at the hearing of June 11, 1965 should have granted appellant's motion to have her oral deposition taken in Illinois. See Rule 203, T.R.C.P., and the general commentary thereunder concerning the 1957 amendments to it. However, we need not decide such questions because it appears here that any errors of the trial court in such respects were waived by appellant and became harmless when through her counsel she agreed to appear for her oral deposition in Nueces County, Texas, and affirmatively applied for and secured from the trial court a postponement for the date of its taking.

■ Appellant was given ample opportunity by the trial court to give her oral deposition on the date specifically requested by her at the place she had agreed to. Appellant, therefore, waived any objection to the place of its taking. In the final analysis it appears that appellant alone is responsible for the failure of her deposition to be taken and she is not now in position to fasten responsibility in such respect upon the trial court or appellee. Reversible error is not shown by appellant's points 1 through 8 concerning the failure to take

her deposition. She was not denied either due process or equal protection of the law by the trial court.

■ We next consider appellant's contention that the trial court erred in overruling her plea to the jurisdiction presented by her special appearance. The applicable rules concerning special appearance to challenge jurisdiction under Rule 120a, T.R.C.P. are discussed by Professor E. Wayne Thode in 42 Tex.Law Rev. 279, "In Personam Jurisdiction; Article 2031B, The Texas 'Long Arm' Jurisdiction Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere." The rules with which we are here concerned may be summarized as follows: Special appearance to challenge jurisdiction in Texas is a plea in abatement and such plea is not favored by the courts. Davis & Co. v. Campbell & Clough, 35 Tex. 779, 780 (1872). The party pleading in abatement has the burden of proof. Hoffman v. Cleburne Bldg. & Loan Ass'n, 85 Tex. 409, 22 S.W. 154 (1893); McDougald v. First Nat. Bank of Beaumont, 239 S.W.2d 145 (Tex. Civ.App., Beaumont, 1951, wr. ref. n. r. e.). Under Rule 120a the defendant asserting the plea has the burden of pleading, of presenting evidence, and of persuasion that he, or his property, "* * * is not amenable to process issued by the courts of this State. * * *" Rule 120a provides in part that "* * * The issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance. Every appearance, prior to judgment, not in compliance with this rule is a general appearance." Professor Thode comments on the above provision as follows: "* * * The supreme court in rule 120a also wisely excepts the use of the various deposition and discovery processes from the waiver provision. The gathering of needed information and evidence is encouraged by this proviso. * * *" 42 Tex.L.Rev. 316–317.

■ Although appellant did not waive her special appearance in this case by initiating the taking of depositions, she did not carry her burden of presenting evidence that she was "not amenable to process issued by the courts of this State." The record reflects that appellant was again given ample opportunity by the trial court to take such action and she failed to do so. Appellant has failed to establish that the trial court erred in overruling her objection to jurisdiction asserted by her special appearance under Rule 120a, T.R.C.P.

■ The question of right to jury trial in connection with special appearance in Texas is discussed by Professor Thode in 42 Tex.L.Rev., pages 326–331. The concluding portion of the discussion is as follows:

"* * * There are no Texas cases squarely in point requiring these jurisdictional issues to be tried by a jury. Therefore, to preserve to the court the important, but preliminary, function of the determination of its jurisdiction over the defendant or his property, the Texas courts should hold that 'The constitutional guaranty of right of trial by jury relates to procedure after jurisdiction has been acquired, and cannot be looked to to determine such jurisdiction. * * *'" citing Bearden v. Texas Co., Tex.Civ. App., 41 S.W.2d 447, 458 (1931), affirmed on other grounds, 60 S.W.2d 1031 (Tex.Com.App.1933).

We believe that such view is correct. However, it further appears in this case that appellant did not actually demand a jury in connection with her plea to the jurisdiction made by her special appearance, but instead demanded a jury in connection with appellee's motion to strike appellant's pleadings and defenses. The last-mentioned matter is, of course, one of law for determination by the trial court, and the lower court correctly denied a jury trial in such connection. Appellant's points 9, 10, 11 and 16 are overruled.

■ We next consider appellant's contention that the trial court erred in striking her pleadings and defenses. In view of appellant's conduct in failing and refusing to appear for her oral deposition at the time and place agreed to by her, through her counsel, the trial court was authorized to strike her pleadings and defenses and good cause appeared for such action. No abuse of discretion is shown. See Rule 215a, T.R.C.P., and particularly, the general commentary under such Rule relating to the 1957 amendments to it. Vernon's Texas Rules Annotated, Vol. 2, pages 337–342; Dow Chemical Company v. Benton, 163 Tex. 477, 357 S.W.2d 565 (1962); Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Snowden v. Republic Supply Co., 239 S.W.2d 201 (Tex.Civ.App., Dallas, 1951, wr. ref. n. r. e.) cited in Knox v. Long at 257 S.W.2d 296; Villanueva v. Rodriguez, 300 S.W.2d 668 (Tex.Civ.App., San Antonio, 1957, wr. ref. n. r. e.); Thode, "Some Reflections on the 1957 Amendments to the Texas Rules of Civil Procedure Pertaining to Witnesses at Trial, Depositions, and Discovery", 37 Tex.L.Rev. 33. Appellant's point 12 is overruled.

■ Appellant's contentions that the evidence was legally and factually insufficient to support the jury verdict and that the trial court erred in overruling her motion for judgment non obstante veredicto are also without merit. The trial court required appellee to prove his case for change of custody of the minor child and allowed appellant's attorney the full right of cross-examination. Appellee offered the testimony of five witnesses in addition to his own along with a number of exhibits, particularly letters written by appellee to appellant in an effort to exercise his visitation rights with his daughter. The evidence established that appellant had continuously and deliberately endeavored to prevent any association of appellee and the child and that appellant was in effect a "runaway parent". The evidence was am-

ply sufficient to support the finding of the jury that there had been a material change of conditions since appellant was granted custody of the minor child and that the best interest of said child required a change of custody to appellee. Appellant's points 13, 14 and 15 are overruled.

Appellant's points 17 and 18 assert in substance that the trial court erred in granting custody to appellee when the un-contradicted evidence showed that appellant and the child were each not residents of Texas. The evidence does not conclusively establish such facts. Appellant was personally served with citation and subject to special appearance filed a general denial in the case. If the trial correctly over-ruled her plea to the jurisdiction made by her special appearance, as we have held it did, appellant was before the court for all purposes of the case. Appellee's petition alleged that appellant was a resident of Nueces County, Texas, and there was some evidence to support that allegation. The fact that appellant and the minor child were temporarily in Illinois did not defeat the jurisdiction of the trial court to determine the matter of custody of the child under the conditions shown to exist here. In Vogel v. Vogel, 405 S.W.2d 87 (Tex.Civ. App., San Antonio, 1966, n. w. h.) the Court in part held as follows:

"The petition does not show that appellant was a non-resident of Texas. It, therefore, does not show on its face a lack of jurisdiction in the Texas court over the person of Mr. Vogel. If Mr. Vogel was a resident of Texas, personal service upon him without the State would be sufficient to confer jurisdiction upon the Texas court. Fernandez v. Casey, 77 Tex. 452, 14 S.W. 149 (1890); Horst v. Lightfoot, 103 Tex. 643, 132 S. W. 761; Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278.

In like manner, the petition is silent concerning the domicil of the three minor children. The statement in appellee's petition that appellant had removed the children from Texas is not an admission that such children are domiciled else-where. If the children were, in fact, domiciled in Texas, their temporary absence from the State would not defeat the power of a Texas court to determine matters relating to their custody. Peacock v. Bradshaw, 145 Tex. 68, 194 S. W.2d 551 (1946)."

Appellant's points 17 and 18 are overruled.

The judgment of the trial court is affirmed.