**PORTLAND SAVINGS & LOAN ASSOCIATION, Appellant,**

v.

**Sidney T. BERNSTEIN and Zayle A. Bernstein, Appellees.**

No. 13–83–511–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 21, 1985.

Rehearing Denied March 14, 1985.

James R. Harris, Harris, Cook & Browning, Corpus Christi, for appellant.

Ted B. Roberts and M.W. Meredith, Jr., Meredith & Donnell, Corpus Christi, J. Stephen Walker, Jenner & Block, Chicago, Ill., for appellees.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION ON MOTION FOR REHEARING

KENNEDY, Justice.

*Our opinion of November 29, 1984 is withdrawn and the following is substituted.*

This is an appeal from an order sustaining appellees' special appearance entered pursuant to TEX.R.CIV.P. 120a. We reverse and remand for a trial on the merits.

The issues in this case are (1) whether appellees, by their invoking the powers of the trial court, consented to the jurisdiction of that court, (2) whether the trial court acquired, by virtue of TEX.REV.CIV. STAT.ANN. art. 2031b (Vernon 1964), *in personam* jurisdiction of appellees, Sidney T. Bernstein and Zayle A. Bernstein, and (3) whether certain evidence was properly excluded.

The undisputed facts are set out here. Appellant, Portland Savings and Loan Association, was a savings and loan association organized and incorporated under the laws of the State of Texas with its principal place of business in Portland, Texas. Subsequent to the filing of this action Portland Savings and Loan Association was merged into and is now known as Charter Savings and Loan Association. Appellee, Sidney T. Bernstein, was, at all times relevant to the matters in this case, and is a resident of the State of Florida. Appellee, Zayle A. Bernstein, was, at all times relevant to the matters in this case, and is a resident of the State of Florida. Appellees, Sidney T. Bernstein and Zayle A. Bernstein, did not and do not maintain a place of business or have a designated agent in the State of Texas. Appellee, Sidney T. Bernstein, made and received telephone calls to and from Texas, sent and received letters to and from Texas, visited Texas and received visitors from Texas.

This dispute arises out of securities transactions between appellant and a Florida corporation, Legel Braswell Government Securities. Among other transactions, appellant gave certain GNMA securities to Legel Braswell for "safekeeping" and as collateral. For reasons not relevant to this appeal, appellant desired the return of these GNMA securities. Appellant then discovered that Legel Braswell had pledged the securities as collateral to a third party, Blyth, Eastman, Dillon & Company. After extensive negotiations regarding the return of the GNMA securities, Legel Braswell filed a petition for reorganization in Bankruptcy Court.

During the relevant times, Legel Braswell was represented by the law firm DiGiulian, Spellacy & Bernstein. Zayle A. Bernstein is the "Bernstein" in the firm name. Sidney T. Bernstein, is Zayle's younger brother and the attorney who handled Legel Braswell's affairs.

Appellant's first point of error asserts that appellees consented to the jurisdiction of the trial court. Appellees filed a Motion for Sanctions, under TEX.R.CIV.P. 170,[1] requesting that the trial court dismiss the cause of action with prejudice. Appellees also sought to have appellant's attorney disqualified in their Response to Motion to Qualify Status. Appellant asserts that these acts invoke the general jurisdiction of the trial court and are not in compliance with TEX.R.CIV.P. 120a.

█ Rule 120a provides a procedure for making a special appearance "for the purpose of objecting to the jurisdiction of the court over the person ... of the defendant." However, the rule also mandates strict compliance with the procedure. Every appearance, *prior* to judgment, not in compliance with Rule 120a is a general appearance. *Estate of Griffin v. Sumner,*

---

1. Rule 170 has been repealed, effective April 1, 1984. *See* TEX.R.CIV.P. 215.

604 S.W. 221 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); TEX.R.CIV.P. 120a.

Rule 120a also provides that other pleas, pleadings and motions may be filed and, specifically, that the use of the discovery process does not constitute a waiver of the special appearance. TEX.R.CIV.P. 120a. However, these pleas, pleadings and motions must be filed subject to the special appearance. *Stegall & Stegall v. Cohn*, 592 S.W.2d 427 (Tex.Civ.App.—Fort Worth 1979, no writ); *Frye v. Ross Aviation, Inc.* 523 S.W.2d 500 (Tex.Civ.App.—Amarillo 1975, no writ). *See* 3 Tex.Jur.3d, Appearance § 14 (1980). Upon examination of the Response to Motion to Qualify Status and Motion for Sanctions, we find that neither of these pleadings are filed subject to the plea to the jurisdiction and therefore do not comply with Rule 120a.

■ In addition, we find that appellees' Motion for Sanctions specifically requests that the trial court "set the Defendants' Motion for Sanctions for immediate hearing and *before any other matter is heard.*" (Emphasis added.) Although when the subject of the discovery is relevant to the jurisdictional hearing, it may be permissible to have a hearing on a motion for sanctions before the jurisdictional hearing, we find, in this case, that it is apparent from the record that the overwhelming majority of the requested discovery could not be relevant to the proof of jurisdictional facts.

■ When reaching a decision to exercise or decline jurisdiction, the trial court should rely only upon the necessary jurisdictional facts and should not reach the merits of the case. *Arterbury v. American Bank & Trust Co.*, 553 S.W.2d 943 (Tex.Civ.App.—Texarkana 1977, no writ). TEX.R.CIV.P. 120a. When the plaintiff alleges an action in tort and alleges that the cause of action arose out of an act committed in Texas, the necessary proof is only that the purposeful act was committed in this State. *Arterbury*, 553 S.W.2d at 947.

Under the "commission of a tort" provisions of a long arm statute, the jurisdictional requirements are met when the defendant, personally or through an agent, is the author of an act or omission within the forum state, and the petition states a cause of action in tort arising from such conduct. The act or omission within the state is a sufficient basis for the exercise of jurisdiction *to determine whether or not the act or omission gives rise to liability in tort.* (emphasis in original)

*Arterbury*, 553 S.W.2d at 948. Ultimate liability in tort is not a jurisdictional fact, and the merits of the cause of action are not at issue. *Arterbury*, 553 S.W.2d at 948.

■ By the same reasoning, defenses to the merits are not relevant in a jurisdictional hearing. *Arterbury* 553 S.W.2d at 948. Therefore, only discovery directed at Sidney T. Bernstein's and Zayle A. Bernstein's "purposeful acts" committed in this state are relevant to the jurisdictional hearing. Because the discovery addressed in the motion for sanctions was directed at the merits of the case and not the jurisdictional hearing, that motion is not in compliance with Rule 120a which requires that the hearing on the challenge to the jurisdiction must be heard and determined before any other matter. TEX.R.CIV.P. 120a(2). Appellant's first point of error is sustained.

Even though the first point of error is dispositive of this case, we will proceed to address the remaining points.

By its second point of error, appellant complains that the trial court erred in sustaining appellee's plea to the jurisdiction.

Appellant's (plaintiff's) second Amended Original Petition named as defendants Sidney and Zayle Bernstein, individually and as partners. As causes of action, appellants alleged, among other things, violations of securities laws, Consumer Protection statutes, conversion, fraud, misrepresentation, conspiracy to convert securities, conspiracy to defraud and negligence.[2]

---

**2.** Appellant orally abandoned some claims in open court; however, this Court is unable to ascertain which claims were abandoned.

Appellees (defendants) entered a special appearance pursuant to TEX.R.CIV.P. 120a, asserting that they were not amenable to process under TEX.REV.CIV.STAT.ANN. art. 2031b. Discovery was begun, various motions were filed and the parties indulged in pre-trial maneuvering for more than two years. A six-day hearing on the jurisdictional question was held, producing 1094 pages of statement of facts, 531 pages of transcript and a 2-inch volume of exhibits.

We conclude that the trial court erred in sustaining appellees' plea to the jurisdiction. Article 2031b, the "long arm statute," provides in relevant part:

Sec. 3. Any foreign corporation, ... partnership, or non-resident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, .... partnership, or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such corporation, joint stock company, association, partnership, or non-resident natural person is a party or is to be made a party.

Sec. 4. For the purpose of this Act, and without including other acts that may constitute doing business, any foreign corporation, ... partnership, or non-resident natural person shall be deemed doing business in this State by ... the committing of any tort in whole or in part in this State.

In order to determine if the Texas courts can maintain jurisdiction over non-residents, the three-prong "O'Brien" test is applied:

(1) the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. O'Brien v. Lanpar Co., 399 S.W.2d 340, 342 (Tex.1966).

Siskind v. Villa Foundation for Education, Inc., 642 S.W.2d 434 (Tex.1982).

■ The procedure for testing the propriety of the trial court's assuming jurisdiction when in personam jurisdiction is challenged is the special appearance. TEX.R. CIV.P. 120a. In such a proceeding, the burden of producing evidence and the burden of persuasion are on the party challenging jurisdiction. Estate of Griffin v. Sumner, 604 S.W.2d 221 (Tex.Civ.App.— San Antonio 1980, writ ref'd n.r.e.); Roquemore v. Roquemore, 431 S.W.2d 595 (Tex. Civ.App.—Corpus Christi 1968, no writ).

When reaching a decision to exercise or decline jurisdiction, the trial court should rely only upon the necessary jurisdictional facts and should not reach the merits of the case. Arterbury v. American Bank & Trust Co., 553 S.W.2d 943 (Tex.Civ.App.— Texarkana 1977, no writ). TEX.R.CIV.P. 120a. When the plaintiff alleges an action in tort and alleges that the cause of action arose out of an act committed in Texas, the necessary proof is only that the purposeful act was committed in this State. Arterbury, 553 S.W.2d at 947; see also discussion under the first point of error. Ultimate liability in tort is not a jurisdictional fact, and the merits of the cause of action are not at issue. Arterbury, 553 S.W.2d at 948.

■ In the case before us, it is undisputed that Sidney T. Bernstein committed pur-

poseful acts in the State of Texas by his calls, letters and visit to Texas. *Siskind v. Villa Foundation for Education, Inc.*, 642 S.W.2d 434, 436 (Tex.1982); *see also Hull v. Gamblin*, 241 A.2d 739, 743 (D.C.App. 1968) (wherein it was said "All representations forming the basis of the suit were addressed to a Texas resident. *All appellant's essential business purposes were carried out in Texas as fully as if she had been present in the state.*") (emphasis added). Moreover, appellant's reliance on the representations of Sidney T. Bernstein occurred in Texas. *Read v. Cary*, 615 S.W.2d 296, 299 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Hoppenfeld v. Crook*, 498 S.W.2d 52, 56 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). *See Siskind*, 642 S.W.2d at 437.

There is also the necessary nexus between Sidney T. Bernstein's calls, letters and visit to Texas and appellant's allegations of misrepresentation, conspiracy, fraud and statutory violations. All of the acts alleged to create liability relate to the ongoing negotiations embodied in the calls, letters and visit of Sidney T. Bernstein. *See Siskind*, 642 S.W.2d at 437. Allegations of misrepresentation and deceptive trade practices arising out of the defendant's contacts with Texas are sufficient to maintain a suit in Texas. *Siskind*, 642 S.W.2d at 437.

■ By cross-point, appellees argue that these negotiations are privileged under TEX.R.EVID. 408, which provides that evidence of settlement negotiations is not admissible "to prove liability for, or invalidity of, the claim...." However, "[t]his rule also does not require exclusion when the evidence is offered for another purpose...." TEX.R.EVID. 408. The evidence of the negotiations between appellant and Legel Braswell was not admitted to prove the liability for the claim; rather, it was to show the statements which were alleged to be misrepresentations. Appellees' cross-point is overruled.

There is no evidence that Zayle A. Bernstein had direct contacts which would subject him to the jurisdiction of the Texas courts. *Siskind*, 642 S.W.2d 437. However, appellant argues that Zayle A. Bernstein was a partner of Sidney T. Bernstein and that appellees are estopped to deny that they were partners because of their testimony. In addition, there were exhibits entered into evidence, including appellees' letterhead, which did not designate appellees' firm as a corporation or professional association. Appellees respond that DeGiulian, Spellacy & Bernstein was a professional association, incorporated under the laws of the State of Florida.

■ Whether or not the letterhead bore an indication that the law firm was incorporated is·not relevant to the determination that the firm was incorporated under Florida law. Appellees submitted a copy of the Florida Professional Service Corporation Act to the trial court which took judicial notice of said statutes. Under this act, the corporate name of a Professional Service Corporation must contain the last names of some or all of the shareholders and the word "chartered," or the words "professional association" or the abbreviation "P.A." However, it is permissible for the corporation to render professional service under a name which is identical to its corporate name, except the word "chartered," or "professional association" or the abbreviation "P.A." may be omitted so long as the corporation has first registered the name to be so used in the manner required for fictitious names. FLA.STAT.ANN. § 621.12 (West 1977). Appellees introduced no evidence that they had complied with this last provision by registering the name of their firm.

■ Under Texas law, the name of a professional corporation must include one of the following: "corporation," "company," or "incorporated," or an abbreviation of one of these words or the initials "P.C." TEX.REV.CIV.STAT.ANN. art. 1528e § 8 (Vernon 1980); TEX.REV.CIV.STAT.ANN. art. 1528e § 5 (Vernon Supp.1984); TEX. BUS.CORP.ACT ANN. art. 2.05 (Vernon 1980).

A court must look to the intent of the legislature and give effect to that intent. *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382 (Tex.1982). The purpose of statutes which require the use of particular words in a corporate name is to give notice that one is dealing with a corporation and not an individual and to advise that reliance is not to be placed upon the personal liability of the principals. 18 C.J.S. Corporations § 167 (1939). The purpose of the assumed name statutes is likewise to inform the public and give constructive notice of the nature of the business with which they are dealing. 65 C.J.S. Names § 9(3) (1966).

Legislative grants of rights and privileges are to be strictly construed. *State v. Standard*, 414 S.W.2d 148 (Tex. 1967); *Texas Employment Commission v. Norris*, 636 S.W.2d 248 (Tex.Civ.App.— Beaumont 1982, writ dism'd); *Gilbert v. State*, 437 S.W.2d 444 (Tex.Civ.App.— Houston [14th Dist.] 1969, writ ref'd n.r.e.). Given that the purpose of the above cited statutes is to give notice to the public and that the use of an assumed name is a privilege granted by the Legislature, we hold that strict compliance with these statutes is necessary for appellees to claim the protections of the statutes. In the absence of evidence of strict compliance with the cited statutes, appellees did not meet their burden of proving that Zayle and Sidney Bernstein were not partners.

Subjecting Zayle A. and Sidney T. Bernstein to the jurisdiction of the Texas courts does not offend traditional notions of fair play and substantial justice. Texas has demonstrated a special interest in protecting its citizens from violations of its securities laws and consumer laws, and in protection of its citizens from the type of activity alleged herein. *Siskind*, 642 S.W.2d at 437. In addition, it is not unreasonable to require a non-resident to defend in this state an action which grows out of the very act which the non-resident committed in this state. *Arterbury*, 533 S.W.2d at 949.

Appellant, by its third ground of error, complains that the trial court erred in failing to allow appellants to use a letter from appellees' attorney as a judicial admission that PX–11 was written by Sidney T. Bernstein.

The fact that appellant ultimately desired to prove was that Sidney T. Bernstein had something to do with the preparation of a letter dated September 21, 1978, signed by Daniel J. Jones and mailed to Ernest & Ernest. At this time, Ernest & Ernest was conducting an audit of the affairs of appellant, Portland Savings and Loan Association. This letter asserts that appellant's securities were held "in safekeeping" and did not disclose that they actually had been transferred to third parties. Appellant alleges that the mailing of this letter constituted the commission of part of the tort of conspiracy to convert appellant's securities in the State of Texas. As stated in point of error two, this proof of a purposeful act committed in the State of Texas (mailing of the letter to Texas) is a fact which would give the trial court jurisdiction over the appellees.

In order to prove that Sidney T. Bernstein had something to do with the letter of September 21, appellants attempted to introduce PX–11, which is reproduced below:

*[handwritten notes]*

Sept 21
4:00

Securities held in safekeeping

Physical inspection

Registered in Portland

Held

Pf

Held Blyth Eastman Dillon

Held in safekeeping

1. Safekeeping
2. Pledge
3. Adjust Tradle

GNMA                                    7,400,000

                        Sold   8    600,000

                        standby
                        option

#81-2210-E 9/21/83 r)
PX-11                              cc

---

All material and relevant evidence is admissible. TEX.R.EVID. 401, 402. Evidence is material when there is any rational relationship between the offered evidence

and any fact issue in dispute. Evidence is relevant when it has probative value tending to establish the truth of a fact. TEX. R.EVID. 401. We find that, if written by Sidney T. Bernstein, PX–11 would be relevant to the issue of Sidney T. Bernstein's involvement in the drafting of the letter of September 21 and, therefore, would be admissible.

PX–11 was excluded because there was no "predicate laid;" that is, there was not sufficient evidence introduced to support a finding that the document was written by Sidney T. Bernstein. *See* TEX.R.EVID. 901.

A portion of a letter dated February 10, 1982, from appellees' attorney to the Judge presiding at the discovery hearing was offered to show that the document was written by Sidney T. Bernstein. This letter, PX1/Bill of Exceptions, was written at the request of the judge in connection with documents tendered for *in camera* inspection. In the letter, appellees' attorney asserts that PX–11 "consists of hand-written notes made by Mr. Sidney Bernstein which appear to relate to a conference with Legel Braswell personnel concerning the dispute with Portland Savings & Loan Association and, as such, constitutes both privileged work product and privileged communications between attorney and client."

A statement made by a person, authorized by a party to make a statement concerning the subject, is not hearsay and is considered an admission by that party. TEX.R.EVID. 801. Appellee asserts that this letter of February 10, 1982, is in some way privileged. There are no privileges except those provided by constitution, statute or rules. TEX.R.EVID. 501. We find no provision for privileged communications with the trial court. Therefore, we find that the letter, PX–1/Bill of Exceptions, should have been admitted by the trial court.

TEX.R.EVID. 103 provides that error may not be predicated upon a ruling which excludes evidence unless a substantial right of the complaining party is affect-

ed. PX–1/Bill of Exceptions would have provided sufficient evidence to support a finding that the document was written by Sidney T. Bernstein, and thus would have mandated the admission of PX–11 into evidence. PX–11 would have provided sufficient evidence to support a finding that Sidney T. Bernstein had something to do with the preparation of the letter, signed by Daniel J. Jones, dated September 21. This finding would have been sufficient to support the jurisdiction of the court over the appellees. The exclusion of admissible evidence which would support a judgment favorable to appellant deprives appellant of a substantial right.

Appellees assert that the exclusion of this evidence was harmless error. However, as noted above, the exclusion of this evidence was "such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment." *See* TEX.R.CIV.P. 434.

Finally, appellees assert that Sidney T. Bernstein was the attorney and agent for Legel Braswell and, as such, cannot conspire with Legel Braswell, its officers or its agents. We find, however, that this assertion addresses the merits of the case (appellees' liability) and not the jurisdictional fact (the drafting of the letter). *See Arterbury v. American Bank & Trust Co.*, 553 S.W.2d 943 (Tex.Civ.App.—Texarkana 1977, no writ). Appellant's third point of error is sustained.

Appellees, by their first cross-point, complain that the trial court should not have permitted the introduction of the testimony of James Wright because the documents used to refresh his memory were not available to appellees.

The documents in question were the records of the Texas Savings and Loan Department. Appellees sought to obtain these documents by serving subpoenas and notices of depositions on the Texas Savings and Loan Department and its employees. The Attorney General of the State of Texas moved to quash the subpoenas on the ground that the disclosure sought by appel-

lees was prohibited by TEX.REV.CIV. STAT.ANN. art. 852a § 11.18 (Vernon Supp.1984). The presiding judge granted an order to quash. A motion to reconsider was denied by a different presiding judge, and the testimony of Mr. Wright was allowed by yet a third judge.

■ Appellees also assert that appellants had copies of the documents in question and refused to produce them despite appellees' repeated motions for depositions, requests to the court and orders of the court to produce the documents. Appellees filed a Motion for Sanctions; however, we find no indication that any action was ever taken on this motion. A motion not acted on can furnish no basis for a point of error. *State v. Dikes*, 625 S.W.2d 18, 20 (Tex.App. —San Antonio 1981, no writ); *Fulcher v. Texas State Board of Public Accountancy*, 571 S.W.2d 366, 368 (Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.).

Appellees assert that they were entitled to review the documents used by Mr. Wright to refresh his memory. TEX.R. EVID. 611 provides:

If a witness uses a writing to refresh his memory for the purpose of testifying either—

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portion not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires.

■ We hold that, under this rule, it is within the trial court's discretion whether or not to require the production of the documents relied upon by a witness to refresh his memory before testimony.

■ In addition, we have reviewed Mr. Wright's testimony and find that, for the most part, it is cumulative of other testimony before the trial court, and, therefore, we find no harm to appellees. Appellees' first cross-point is overruled.

■ Appellees, by their third cross-point, complain that the trial court erred in requiring the production of certain documents, claimed to be subject to the lawyer-client and work product privileges.

Appellees assert that the documents in question include time records, billing statements and hand-written notes prepared by Sidney T. Bernstein and other attorneys. We have reviewed the references to the record in appellees' brief and are unable to locate the documents of which appellee complains. As noted above, the record in the case is extensive. Appellee's brief on this cross-point is insufficient. TEX.R. CIV.P. 418.[3]

Appellees, by their fourth cross-point, complain that the trial court erred in not permitting the appellees to recover their costs.

■ To be entitled to appellate review of errors raised by a cross-point, appellees must have apprised the court in some manner of their complaints or objections. *Visage v. Marshall*, 632 S.W.2d 667 (Tex.App. —Tyler 1982, writ ref'd n.r.e.). Appellees did not give notice to the trial court of their dissatisfaction with the assessment of costs and cannot be heard to complain in this Court. Appellee's cross-point is overruled.

The order sustaining appellees' special appearance is reversed and remanded for trial on the merits.

---

3. TEX.R.CIV.P. 418 was repealed effective October 1, 1984.