Est of Balster, Dec v. Johnston 






 DISMISSED 
 MAY 17, 1990 

NO. 10-89-096-CV
Trial Court
# 249-242-87
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

DON McNIEL AND McNIEL ENTERPRISES, INC.,
   Appellant
v.

ALVARADO STATE BANK,
   Appellee

* * * * * * * * * * * * *

                 From 249th Judicial District Court
                      Johnson County, Texas

* * * * * * * * * * * * *

MEMORANDUM OPINION

* * * * * * *
This appeal was perfected from a judgment signed April 6,
1989. By joint motion, Appellant and Appellee state that the
matters in controversy have been fully settled and comprised, that
the parties no longer wish to pursue the appeal, and request
dismissal of the appeal.
The motion is granted. The appeal is dismissed.
PER CURIAM
DO NOT PUBLISH



160;              Appellant
     v.

     ANGELA BONILLA,
                                                                                              Appellee
 

From the 269th District Court
Harris County, Texas
Trial Court # 90-39673
                                                                                                    

O P I N I O N
                                                                                                    

       This is a personal injury suit arising out of a "slip and fall" accident in a Kroger grocery store
on May 10, 1989. After a jury trial, the trial court awarded judgment in favor of plaintiff-appellee
Angela Bonilla against defendant-appellant Kroger in the amount of $215,000, from which
judgment Kroger appeals. We affirm.
      Appellant Kroger comes to this court on six points of error. We overrule all of Appellant's
points and contentions and affirm the trial court's judgment.
      Appellant's first and second points assert that the evidence is legally and factually insufficient
to support the jury's verdict as to liability on the part of the Kroger Company.
      Plaintiff-appellee, Ms. Bonilla, was a 26-year-old Spanish-speaking Houston resident who
came to the United States from El Salvador in 1985. While she was able to read and write in
Spanish, she was able to speak very little English, and gave her testimony throughout the trial
through an interpreter.
      On May 10, 1989, at about eleven o'clock at night, Ms. Bonilla went to Kroger's grocery
store to buy milk and Doritos for her three children. After first getting a gallon of milk, she
travelled down aisle twelve where the Doritos were located. Also displayed on aisle twelve were
potato chips, sodas and bottled water. While looking for the Doritos, Ms. Bonilla testified that
she slipped and fell in an unnoticed puddle of water.
      No witness, other than Plaintiff, testified to seeing Plaintiff's fall; however, Ms. Gloria
Asturias testified that she herself was walking behind Plaintiff and saw her on the floor. Ms.
Asturias further testified that the water on the floor caused Plaintiff to fall and that the puddle of
water had a "slip mark" that was formed by Plaintiff's foot slipping out from under her.
      Immediately after the accident, Julio Aleman, Kroger's night-shift manager, went over to Ms.
Bonilla and acknowledged that she slipped and fell due to a puddle of water, and instructed a
sacker to clean up the puddle of water located on aisle twelve near the bottled water. Shortly after
being notified of the fall, Mr. Evan Herron, co-manager of the Kroger store, inspected aisle
twelve and found a puddle of water. Upon further investigation, Herron discovered that the
puddle of water resulted from a leaking bottle of water that was located on the bottom shelf in the
aisle where Plaintiff fell.
      Herron further testified that there had been prior problems of water leaking from the bottled
water located on aisle twelve, and that he had been aware of the problem prior to Plaintiff's
accident. Moreover, witness Aleman testified that he was also aware that there had been other
leaks and spills in the area where Ms. Bonilla fell. Witness Aleman further explained that the
bottled-water containers are large, and hold two-and-one-half gallons and their size required that
they be placed on the bottom shelves. These shelves had a sharp edge that would cut the plastic
or damage the pouring spout when the bottles were pulled forward. Due to the presence of bottled
water on aisle twelve, witness Aleman testified that he considered this aisle to be one of the most
dangerous in the store due to the heavy traffic and the fact that there had been other problems with
water puddles. Aleman notified the Kroger managers about the problems on aisle twelve that were
due to leaking water bottles; however, Kroger thereafter did not post any caution signs. Russell
Yates, Kroger's risk manager, testified that Kroger does not want water on the floor, and that the
aisles should be checked constantly to prevent unsafe conditions.
      Thomas Leonard, Kroger's safety coordinator, testified that if a known hazard continually
reoccurs, action should be taken to correct the hazard. Despite this expressed desire for safety,
witness Herron testified that he never devised any set policy for the inspection of the aisles in the
store.
      Evidence showed that Plaintiff's fall caused her to sustain back injuries and prevented her
from continuing employment. Plaintiff testified that due to suffering from back pain, she sought
treatment from an orthopedist. Over several months, she underwent extensive physical therapy
for her back injuries and continuous treatment from her orthopedist. Dr. Scheffey, plaintiff's
orthopedist, conducted extensive conservative testing and treatment, but eventually recommended
back surgery. Dr. McKeever, Plaintiff's orthopedic surgeon, testified that the surgery included
the removal of two discs, and that the surgery was medically reasonable and necessary. After her
surgery, the severity of her back injuries and subsequent operation diminished her physical
condition and there was testimony that her employment would be limited to part-time employment
for the next 39 years of her life.
      The jury, having heard all of the evidence, found negligence on the part of Kroger and
returned a verdict of $215,000 in favor of Plaintiff, Ms. Bonilla.
      We have carefully considered the entire record and we are of the opinion and hold that the
evidence is both legally and factually sufficient to support the verdict and judgment. Appellant's
first and second points of error are accordingly overruled.
      Appellant's points three, four, and five complain of the trial court's striking of Appellant-Kroger's defense of contributory negligence prior to trial; that the trial court abused its discretion
in failing to permit Kroger to amend its interrogatories and by trial amendment to permit it to
pursue its defense of contributory negligence; and that the trial court abused its discretion in
refusing to submit issues to the jury concerning contributory negligence and comparative
negligence.
      During pretrial discovery, Plaintiff propounded her first set of interrogatories to Defendant-Kroger. Included in them was the following interrogatory:
"Is it the contention of this defendant that the plaintiff, by any act or omission,
caused or contributed to cause the alleged occurrence? If so, please state in detail each
act or omission this defendant contends the plaintiff did or did not do which this
defendant claims to have caused or contributed to cause the alleged occurrence."
Kroger did not object to this interrogatory and answered same as follows:
"Yes. Investigation and discovery are ongoing and until such time as discovery is
more developed, this interrogatory cannot be completely answered. Defendant will
supplement pursuant to the Texas Rules of Civil Procedure."
      Yet despite Kroger's promise to supplement, Kroger failed to do so. It is undisputed that
Kroger failed to timely supplement its response. On the day of trial, Kroger attempted to file its
supplementary response. The trial court refused to accept the untimely supplementation and
denied Kroger's motion to supplement its interrogatories by trial amendment. In Plaintiff's motion
in limine, she requested the court to exclude this information because of Kroger's failure to
supplement. Kroger made no showing of good cause for its failure to supplement, and the trial
court, in accordance with Tex. R. Civ. P. 215(5) excluded all testimony and evidence included
within the scope of unsupplemented interrogatory. Kroger complains that this sanction was
improper.
      Rule 215(5), Texas Rules of Civil Procedure, reads as follows:
"5. Failure to Respond to or Supplement Discovery. A party who fails to respond
to or supplement his response to a request for discovery shall not be entitled to present
evidence which the party was under a duty to provide in a response or supplemental
response or to offer the testimony of an expert witness or of any other person having
knowledge of discernable matter, unless the trial court finds that good cause, sufficient
to require admission, exists. The burden of establishing good cause is upon the party
offering the evidence and good cause must be shown in the record."
See Alvarado v. Farah Mfg. Co., (Tex. 1992) 830 S.W.2d 911; Morrow v. H.E.B. Inc., (Tex.
1986) 714 S.W.2d 297.
      In the case at bar, in the facts hereinabove set out, this represents a clear violation of Rule
215(5), Texas Rules of Civil Procedure. In summary, Kroger (1) promised to supplement the
Plaintiff's interrogatory; (2) did not supplement until the date that trial commenced; (3) then tried
to supplement by trial amendment; and (4) made no showing of good cause for failure to timely
supplement. Under this factual setting the trial court, by refusing to let Kroger present evidence
of Plaintiff's contributory negligence, followed the mandate set out in Rule 215(5). Appellant's
third, fourth, and fifth points of error are accordingly overruled.
      Appellant's sixth and final point of error contends the trial court erred in admitting the
testimony from Plaintiff's expert, Dr. McKeever, relating to conversations he had with Dr.
Likover, a Kroger expert. By this point of error, Kroger contends that the findings should be
reversed based upon what Kroger believes to be admission of inadmissible hearsay. We do not
agree. This point involves a conversation between Dr. McKeever (Plaintiff's designated expert)
and Dr. Likover (Defendant's designated expert). 
      Defendant-Appellant Kroger complains of a conversation between Dr. McKeever and Dr.
Likover which Dr. McKeever testified about. In essence, Dr. McKeever testified that shortly
before the trial, Dr. Likover called him (Dr. McKeever) on the telephone and told him that he
understood that he (Dr. McKeever) was going to testify in the Bonilla case, to which Dr.
McKeever replied that he was, and Dr. Likover said, "Well, what can I do to keep you from going
down there and testifying?" Dr. Likover went on to say that "his attorney asked him to call me
and see if they could talk me out of going down and testifying." Dr. McKeever further testified
that he was aware that Dr. Likover had been hired by Kroger, through its attorneys, to review Ms.
Bonilla's medical records.
      A statement made by a person authorized by a party to make a statement concerning the
subject is not hearsay and is considered an admission by that party. See Rule 801(e)(2), Tex. R.
Civ. Evid.; Portland Savings & Loan Assn. v. Bernstein, (Tex. App.—Corpus Christi 1985,
n.r.e.) 716 S.W.2d 532 at page 540. Moreover, Dr. Likover's attempt to dissuade Dr.
McKeever's testimony is admissible as a statement against Kroger's interest. See Rule 803(24),
Tex. R. Civ. Evid.
      Finally, Plaintiff-Appellee, Ms. Bonilla, files one cross-point asserting the trial court erred
when it refused to submit a jury question regarding the gross negligence of Kroger. Plaintiff
alleged that Kroger's actions "constituted negligence and gross negligence."
      Here, Ms. Bonilla offers no record of error. She requested no special issues in this regard,
which burden rested on her. There is nothing presented for review. Rule 52(a), Tex. R. App. P.;
Rule 273, Tex. R. Civ. P. Plaintiff-Appellee's cross-point is overruled.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed April 27, 1994
Do not publish