**ROYAL AMERICAN CONSTRUCTION COMPANY, INC., Appellant**

v.

**COMERICA BANK, as Assignee of Dorson, Inc. d/b/a Daven Products Co., Appellee.**

No. 05–04–01263–CV.

Court of Appeals of Texas, Dallas.

May 26, 2005.

Christine D. Roseveare and Christopher Richard Ward, Strasburger & Price, L.L.P., Dallas, for Appellant.

Peter C. Lewis, Walker, Bright & Lewis, P.C., Dallas, for Appellee.

Before Justices BRIDGES, O'NEILL, and MAZZANT.

## OPINION

Opinion by Justice BRIDGES.

Royal American Construction Company, Inc. appeals the trial court's order denying Royal's special appearance. In a single issue, Royal argues the trial court erred in exercising personal jurisdiction over it. We affirm the trial court's judgment.

Daven Products Company, a company with its principal place of business in Texas, sold construction-related products to Royal for use in Florida. Daven shipped the products from its warehouse in Carrollton, Texas. Royal is not a Texas corporation. Daven sent invoices to Royal from Daven's place of business in Carrollton, and all payments were received there. Daven shipped the construction material from its warehouse in Carrollton to Royal in Florida. Royal failed to pay, and Comerica, in its capacity as Daven's assignee, filed suit in Texas. Royal filed a special appearance which the trial court denied. This appeal followed.

■ The plaintiff has the initial burden of pleading facts sufficient to bring a nonresident defendant within the provisions of the Texas long arm statute. *See Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 633 (Tex.App.-Dallas 1993,

writ denied). When a nonresident defendant challenges a trial court's exercise of personal jurisdiction through a special appearance, it carries the burden of negating all bases of personal jurisdiction. *See Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex.1985). The exercise of personal jurisdiction requires the trial judge to resolve any factual disputes before applying the jurisdictional formula. *Hotel Partners v. Craig,* 993 S.W.2d 116, 120 (Tex.App.-Dallas 1994, writ denied). When, as here, a trial judge fails to make findings of fact and conclusions of law, we view the trial court's judgment as impliedly finding all the necessary facts to support its judgment. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

On appeal, we apply a factual sufficiency of the evidence review to the trial judge's determination of disputed fact issues on the question of jurisdiction. *Craig,* 993 S.W.2d at 120; *KPMG Peat Marwick,* 847 S.W.2d at 632. Once we have determined the evidence is factually sufficient to support the trial judge's resolution of disputed fact issues, we examine *de novo* whether the facts negate all bases for personal jurisdiction. *See Craig,* 993 S.W.2d at 120.

■ Royal challenges whether the evidence showed sufficient minimum contacts between Royal and Texas to support the exercise of personal jurisdiction and whether standards of fair play and substantial justice prevent Texas from exercising jurisdiction.

■ The Texas long-arm statute authorizes the exercise of jurisdiction over nonresidents "doing business" in Texas. TEX. CIV. PRAC. & REM.CODE ANN. § 17.042 (Vernon 1997). Although the statute lists particular acts which constitute "doing business," the statute also provides that the nonresident's other acts may satisfy the "doing business" requirement. TEX. CIV. PRAC. & REM.CODE ANN. § 17.042 (Ver-

non 1997); *see Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex.1991). Because the Texas long-arm statute "reach[es] as far as the federal constitution permits," *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990); *U–Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760, 762 (Tex.1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978), we focus on the federal constitutional requirements for the exercise of personal jurisdiction. *See Guardian Royal,* 815 S.W.2d at 226. Under federal due process requirements, we determine: (1) whether the nonresident defendant has purposefully established "minimum contacts" with the forum state; and (2) if so, whether the exercise of jurisdiction comports with "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Guardian Royal,* 815 S.W.2d at 226.

■ Minimum contacts may be established only on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.,* 471 U.S. at 475, 105 S.Ct. 2174 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). The actions of the nonresident defendant must justify a conclusion that the nonresident defendant should reasonably anticipate being called into court in the forum state. *See Temperature Sys., Inc. v. Bill Pepper, Inc.,* 854 S.W.2d 669, 675 (Tex. App.-Dallas 1993, writ dism'd by agr.).

■ Personal jurisdiction may be either general or specific. *KPMG Peat Marwick,* 847 S.W.2d at 632; *see Schlobohm,* 784 S.W.2d at 357. Under specific jurisdiction, the cause of action must arise out of or relate to the nonresident defen-

dant's contact with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Guardian Royal*, 815 S.W.2d at 227. With this standard in mind, we now examine whether Royal purposefully established "minimum contacts" with Texas; *i.e.*, whether there was a substantial connection between Royal and Texas arising from action or conduct of Royal purposefully directed toward Texas.

Here, the record shows Royal contracted with Daven to provide, among other things, doors, trim and hardware for approximately seventeen buildings at a Florida construction site. Royal received invoices from Daven's place of business in Carrollton, and Royal sent all its payments to Carrollton. Daven shipped the construction material from its warehouse in Carrollton to Royal in Florida. The record contains a six-page "schedule of values" dated November 5, 1999 indicating $770,000 of products supplied to Royal by Daven. Two "subcontract worksheets" of that same date reflect trim and hardware Royal contracted with Daven to provide in the amount of $215,269 and $554,731. Daven's "customer detail listing" reflects an ongoing business relationship between Royal and Daven in the form of more than eighty invoices between late 1999 and June 2000. Under these facts and circumstances, we conclude Royal has maintained continuous and systematic contacts with Texas that constitute a "substantial connection" between Royal and Texas such that Royal should reasonably anticipate being called into court in Texas. *See Temperature Sys.*, 854 S.W.2d at 675; *Guardian Royal*, 815 S.W.2d at 230–31.

Having concluded Royal has the necessary minimum contacts with Texas, we must now determine whether the exercise of jurisdiction comports with "fair play and substantial justice." *See Guardian Royal*, 815 S.W.2d at 231. In making this determination, we examine whether Royal presented a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *See Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. 2174. Under this inquiry, we consider the following factors: (1) the burden on the nonresident defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Guardian Royal*, 815 S.W.2d at 231. Only in rare cases will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state. *Guardian Royal*, 815 S.W.2d at 231; *see Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. 2174.

After careful review of these factors, we conclude there is nothing in the record to indicate that litigation in Texas would be excessively burdensome to Royal. The interests of Texas in adjudicating the dispute and Comerica's interest in obtaining convenient and effective relief clearly weigh in favor of the exercise of jurisdiction. Under the facts and circumstances of this case, we conclude Royal purposefully established minimum contacts with Texas and the exercise of jurisdiction comports with fair play and substantial justice. *See Guardian Royal*, 815 S.W.2d at 231; *Burger King Corp.*, 471 U.S. at 476–78, 105 S.Ct. 2174. Consequently, the trial judge was correct in denying Royal's special ap-

pearance. We overrule Royal's single issue.

We affirm the trial court's order denying Royal's special appearance.